AUSTIN BELLIVEAU *vs.* HACHADOOR BOZOIAN.

JUNE 23, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEENEY, J. This action of trespass on the case for negligence is brought to recover damages for personal injuries sustained by the plaintiff on account of being struck by a truck driven by the defendant's servant. After a trial

in the Superior Court the jury returned a verdict for the plaintiff. The defendant's motion for a new trial was denied by the trial justice and he has brought the action to this court by his bill of exceptions.

Plaintiff testified that about 7:30 o'clock a. m. on the first day of March, 1918, he was walking in a westerly direction on the right-hand edge of the macadam in the state highway in the village of Slatersville, because the sidewalk was muddy; that the trolley car rails were on his right; that he heard a noise and turned and saw a truck coming towards him; that he jumped away from the truck towards the middle of the car track and before he knew it he was knocked down and injured.

The driver of the truck testified for the defendant and said that as he approached plaintiff from the rear he sounded his horn and the plaintiff stepped a little to his right side; that he had ten feet in width of good road in which to pass plaintiff on his left; that as he drove past him there was about two feet clearance and that as the front part of the truck passed him its rear end skidded about a foot to the right; that he looked back and saw the plaintiff getting up and he stopped the truck and assisted the plaintiff to get to a doctor's office near by. He testified that there was no ice on the ground, that he did nothing to cause the truck to skid and that there was nothing he could have done to prevent its skidding. The only other person who saw the accident testified that the plaintiff was struck by the rear end of the truck.

The defendant claims that the testimony does not prove that his servant was negligent in the operation of the truck, and that it shows that the plaintiff was guilty of contributory negligence in not going further to the right to avoid being hit by it; and consequently that the trial justice erred in not granting his motion for a directed verdict.

It is well established that pedestrians have in general, and under reasonable restrictions as to exercise of care by them, a right to travel anywhere upon a public highway,

and it is negligence for a driver of a vehicle upon a public highway to recklessly run upon a pedestrian who is standing or walking with his back toward him. Berry Automobiles, 2nd ed. sec. 220; *Hall* v. *Albertie*, 118 A. 189; *State* v. *Disalvo*, 121 A. 661; *Emery* v. *Miller*, 231 Mass. 243. A pedestrian using the public highways, and exercising ordinary care for his own safety, may assume, until he has knowledge or notice to the contrary, that the drivers of automobiles will exercise reasonable care to avoid injuring him, and that they will observe the law. He is not negligent in acting upon this assumption and regulating his conduct accordingly. Berry Automobiles, 2nd ed. sec. 219; *Benoit* v. *Miller* (R. I.) 67 A. 87. Section 12, Chapter 86, General Laws, 1909, in force at the time plaintiff was injured, provides, among other things, that upon approaching any person walking in the traveled portion of any public highway . . . and also in passing such person . . . the person operating the motor vehicle shall have the same under control and shall reduce its speed to a reasonable and proper rate: and Section 11 of said chapter provides that no person shall operate a motor vehicle on the public highways of this state . . . so as to endanger the life or limb of any person. The language of this court in the case of *Humes* v. *Schaller*, 39 R. I. 519, 521, is applicable to this case. "It is clear that the law does not require one lawfully standing at noonday on a country highway . . . to guard against being run over by an automobile having ample room to pass him in safety. In other words, the law does not require an ordinarily prudent person to expect such carelessness. On the contrary, he has a right to expect and to rely on the expectation that the driver of the automobile will avail himself of the opportunity to pass by in safety. We hold, therefore, that it does not appear that upon this evidence the plaintiff was negligent as a matter of law." This court has held in the case of *Gilbane* v. *Lent*, 41 R. I. 462, that the question of contributory negligence is generally one for the jury unless it clearly appears that the

only proper inference from the facts is that in the circumstances of the case an ordinarily prudent man would not have acted as did the plaintiff. It is the generally accepted rule that a person is required to be on his guard against such perils only as a reasonable man would apprehend in like circumstances.

The place where the plaintiff was walking would ordinarily be safe. It cannot be said that his failure to anticipate that the defendant's servant would drive his truck so close to him that it might strike him if it skidded was a want of due care. Under the law and the evidence the question of plaintiff's negligence was a question of fact for the jury and not of law for the court. Defendant's servant testified that the macadam road was ten feet wide where he passed the plaintiff. No vehicle was approaching at the time, and he gives no reason why he did not drive the truck more to the left of the plaintiff when he attempted to pass him. The question of the negligence of defendant's servant, in the circumstances, required the submission of the case to the jury. Defendant's exception to the denial of his motion for a directed verdict is overruled.

Defendant presses his exception to the denial of his motion for a new trial on the grounds that the verdict is against the law and the weight of the evidence. There is sufficient testimony in the case to support the verdict. The decision of the trial justice on the motion for a new trial does not appear to be wrong, and under authority of *Wilcox* v. *R. I. Co.* 29 R. I. 292, and subsequent cases, this exception is not sustained.

Defendant claims an exception to the refusal of the trial justice to charge the jury that the plaintiff could recover no damages for pain sustained in 1919 and 1920. There is no merit in this exception. The writ is dated October 10, 1919, and it is beyond question that the plaintiff was entitled to recover damages for pain sustained up to the date of the writ.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict.

*Herbert L. Carpenter*, for plaintiff.

*James H. Rickard*, for defendant.