Joseph Banewicz *vs.* Edward J. Sullivan.

Mary Banewicz, *p.a. vs.* Same.

MAY 22, 1941.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Capotosto, J. These two actions of trespass on the case for negligence were tried together before a justice of the

superior court, sitting with a jury. Mary Banewicz is the minor daughter of Joseph Banewicz. In each case the plaintiff alleges that the negligent operation of the automobile driven by the defendant was the proximate cause of Mary's injuries. At the conclusion of the evidence for the plaintiffs, a nonsuit in each case was entered on motion of the defendant. The cases are now before us on bills of exceptions of the two plaintiffs, the only exception in each case being to the granting of the defendant's motion for a nonsuit. Since the relation of the parties and the nature of the cases now before us are such that the father cannot maintain his action unless the daughter can maintain hers, we shall confine ourselves to the case of the daughter, so that hereafter the word plaintiff will refer solely to her.

The accident happened about 8:20 p. m., September 17, 1937, on Waterman avenue in the town of Smithfield, some 260 feet south of the Georgiaville railroad crossing on that highway. Waterman avenue, a public highway, runs approximately north and south at that place. The plaintiff and a girl friend, Estelle M. Onischuk, were walking in a northerly direction along the westerly side of Waterman avenue, the plaintiff being about two feet easterly from the uncurbed edge of a sidewalk on that side of the highway, and her friend being just to her left. Lillian Davis, who was unacquainted with either the plaintiff or Estelle, was walking on that same side of Waterman avenue, about 15 feet ahead of the plaintiff.

Waterman avenue, at the place of the accident, is 37 feet wide; it slopes slightly towards the westerly sidewalk; and it curves gently in a northwesterly direction as one proceeds northerly on that highway. There was a lighted street lamp on the westerly sidewalk about 30 feet south, that is, in back of the plaintiff as she was walking on the highway.

At the time of the accident, the weather was clear and without haze, although it had been raining all day previously

thereto. There was then no other traffic on Waterman avenue. What may be termed the gutter, or shoulder of the highway, immediately adjoining the westerly sidewalk, was covered with puddles.

The westerly sidewalk is some four feet wide. It was described by the plaintiff, and in substantially the same manner by Estelle and Lillian, as being built of loose dirt, rocky, full of holes and sloping into "a ravine" on the side farthest away from the traveled portion of the highway. They all testified, in substance, that they were walking on the highway because of the condition of the sidewalk and gutter.

The defendant's automobile was coming from the direction of the Georgiaville railroad crossing, towards which the plaintiff was going. In other words, it was moving south, while the plaintiff was walking north on Waterman avenue.

The plaintiff testified that she saw the defendant's automobile when it was coming across the railroad tracks, about 260 feet away, traveling in the "Middle of the road—center of the road"; that, as the automobile was in such position on the highway, she did not keep her eyes constantly on the automobile; that she next saw the automobile when it almost hit Lillian, at which time the automobile was swerving from its position in the middle of the road and heading towards her; and that before she could do anything she was struck by the automobile, thrown to the ground, and rendered unconscious. Estelle's testimony is substantially to the same effect.

Lillian testified that she saw the automobile in the middle of the road, coming towards her; that she did not watch it constantly; that when it was near her, she saw it swerve in her direction; and that, as she thought "it came pretty close", she turned around towards the plaintiff and saw her struck by the automobile. Its speed was estimated by this witness at about 30 miles an hour.

At the close of the evidence for the plaintiff, the trial justice granted the defendant's motion for a nonsuit without stating his reason for such ruling. It is agreed by counsel for both parties that he apparently rested such decision on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

In the absence of statutory requirements to the contrary, a person is not guilty of contributory negligence as a matter of law merely because he walks in a public highway. But if from choice or necessity he uses the highway, he must look out for his own safety by exercising the care of an ordinary prudent person, commensurate with the hazard assumed. Due or ordinary care in such a case depends upon the attending circumstances, among others being the time, place, amount of traffic, and conditions of light and weather.

The evidence in the instant case shows that plaintiff was walking in the highway, close to the gutter on its westerly side, because of the unsafe condition of the sidewalk on that side and of the puddles in that gutter. She was on her left side, facing on-coming traffic in compliance with the provisions of general laws 1938, chapter 88, § 11, formerly P. L. 1930, chap. 1582, and saw the defendant's automobile traveling towards her in the middle of the highway, which was 37 feet wide at the place of the accident. It was not raining, nor was there any mist or haze; there was no other traffic in sight on the highway, and there was a lighted street lamp some 30 feet in back of the plaintiff. According to the evidence, the plaintiff was struck after the defendant's automobile, for some as yet undisclosed reason, suddenly changed its course from the middle of the highway, where it had ample room to pass the plaintiff without striking her, and swerved in her direction.

On a motion for a nonsuit, as on a motion by the defendant for a direction of verdict, the evidence and the reasonable

inferences therefrom are to be viewed most favorably to the plaintiff. The weight of the evidence is not before the trial justice for his consideration on such a motion. *Walling* v. *Jenks,* 62 R. I. 424. Furthermore, this court has repeatedly held that the question of contributory negligence is generally one for the jury, unless it clearly appears that the only proper conclusion from the facts and the reasonable inferences therefrom is that, in the circumstances of the case, an ordinarily prudent person would not have acted as did the plaintiff. *Hemmerle* v. *Aldrich,* 58 R. I. 227; *Belliveau* v. *Bozoian,* 46 R. I. 83.

Granting that the plaintiff did not keep her eyes constantly fixed on defendant's on-coming automobile, which the defendant contends she should have done, the evidence nevertheless is subject to different conclusions on the question of plaintiff's due care. It was for the jury to decide whether, in the circumstances disclosed by the evidence in this case, the plaintiff was, in fact, guilty of contributory negligence. Apparently the trial justice, in granting defendant's motion for a nonsuit, weighed the evidence and viewed it most favorably to the defendant, instead of viewing it most favorably to the plaintiff, regardless of its weight, as he was bound to do in passing on such a motion. This was error.

The plaintiff's exception in each case is sustained, and each case is remitted to the superior court for a new trial.

*William H. McSoley, William H. McSoley, Jr.,* for plaintiffs.

*Francis J. Kiernan, Theodore Jaffe,* for defendant.