WILLIAM ISHERWOOD *vs.* JAMES A. VENDETTUOLI.

FEBRUARY 5, 1948.

PRESENT: Flynn, C. J., Capotosto and Condon, JJ.

CONDON, J. This is an action in assumpsit in which a jury in the superior court returned a verdict for the plaintiff. Thereafter defendant filed a motion for a new trial which was denied by the trial justice. The case is here on defendant's exceptions to such denial and to the exclusion of certain evidence during the trial.

Plaintiff is seeking to recover the sum of $500 which he paid to the defendant as a binder on the sale by him to the plaintiff for $5000 of a certain parcel of real estate situated at 13 Gladstone street, in the city of Providence in this state. It appears from the evidence that in the latter part of October 1943 the plaintiff gave the defendant $100 as a deposit and received from him a receipt therefor after plaintiff and his wife, in the company of the defendant, had inspected that real estate and had told the owner, Mrs. Edward C. Fogarty, that they "liked it." Later, however, in November 1943 the defendant demanded and received from the plaintiff an additional $400. In acknowledgment of that amount and upon the return to him of his original receipt for $100 defendant gave plaintiff a receipt in the following form, which is in evidence as an exhibit:

> "Providence, R. I., November 13, 1943
>
> Received from........ ...William Isherwood..........
> Five Hundred.............................Dollars
> On account of house located at 13 Gladstone Street, in the City of Providence, lot no. 1012, Assessors Plat no. 48. Purchase price Five Thousand Dollars. Balance of Forty-five Hundred ($4500.00) to be paid on delivery of deed.
>
> (signed) J. A. Vendettuoli"

Defendant did not own this real estate at that time, but on November 8, 1943 he had paid $100 to the owner thereof,

Mrs. Fogarty, and received from her, unknown to the plaintiff, the following receipt which is in evidence as an exhibit:

"Providence, R. I.           November 8th 1943
Received from James A. Vendettuoli one hundred dollars ($100.00) on account, for house and land at #13 Gladstone St, Prov., R. I., lot #1012, Assessors Plat #48. The balance due thirty-nine hundred dollars ($3900.00) to be paid on or before January 1st 1944. The deed to said house to be delivered to said James A. Vendettuoli, or his agent, or heirs, or order, on payment of said $3900.00.

                 (signed) Mrs. Edward C. Fogarty"

Subsequently Mrs. Fogarty declined to go through with her contract with the defendant and soon thereafter it became known to the plaintiff that defendant could not go through with his contract with him. It was not until December 29, 1943 that Mrs. Fogarty finally decided to deliver a deed of the property to the defendant. According to the defendant, this deed was not made to him but to one Catherine Donovan, at his request.

In the meantime, upon learning that defendant could not deliver a deed of the property, plaintiff demanded the return of his deposit on December 8, 1943, and again on December 15, 1943. On January 15, 1944 plaintiff brought the instant action.

Defendant pleaded the general issue and a special plea substantially to the effect that he was always ready and willing to deliver to plaintiff a deed upon the payment by him of the balance of the purchase price in accordance with the memorandum receipt of November 13, 1943, but that plaintiff could not raise a sufficient amount to do so and declined to perform his part of that agreement.

On this issue there was a clear conflict in the testimony. Plaintiff denied that defendant had ever offered him a deed. He testified that if defendant had been able to give him a deed he would have taken the property for $5000 and raised the money. Defendant testified that on December 30, 1943 he had offered plaintiff a deed of the

property executed by Catherine Donovan. He did not, however, produce her in court and could not name the attorney who drew the deed or the notary who took Catherine Donovan's acknowledgment. He admitted, but only after persistent cross-examination, that he could not have delivered a deed to the real estate in question on November 13, 1943, or on December 8, 1943, or even on December 15, 1943. Not until December 29, 1943 does he claim that he was able to deliver a deed to the plaintiff and he testified that his offer to do so on December 30, 1943 was declined by the plaintiff. The plaintiff denied that even that offer was made.

The trial justice was not favorably impressed with the defendant. Our reading of the transcript does not lead us to a different conclusion. Defendant seems to argue in his brief that this is not of great importance in this case as the documents in evidence are controlling and tend to prove the issue raised by his special plea that plaintiff was not able or willing to perform his promise and declined to accept a deed when it was tendered.

We cannot agree with that contention. On the whole record it is obvious that either the plaintiff was telling the truth and defendant was not able to perform his part of the contract, or defendant was telling the truth and plaintiff declined to perform because he was unable to do so. The credibility of the parties therefore was of prime importance. The jury evidently did not credit the defendant but believed the plaintiff and apparently felt that, in the circumstances of defendant not owning the property and not being able to deliver a deed before December 30, 1943, plaintiff had waited a reasonable time after November 13, 1943 before demanding the return of his $500. The trial justice in his charge submitted that question to the jury for their determination and the defendant did not except to such charge.

■ The trial justice's rescript discloses that in the exercise of his independent judgment he expressly agreed

with the jury.  After carefully considering the transcript we cannot say that he was clearly wrong in doing so and in denying defendant's motion for a new trial.  Defendant's exception to the denial of his motion is therefore overruled.

Defendant's second exception is to the exclusion of a question propounded to the plaintiff as to "How much of a mortgage" he could have obtained from certain banks. If relevant, the exclusion of such evidence was not prejudicial as it was admitted elsewhere in the evidence.  Such exception is, therefore, without merit and is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict.

*Joseph Mainelli,* for plaintiff.

*Frank H. Wildes,* for defendant.