No. 40,806

Paul Cooper, *Appellant*, v. Walter Sorenson, *Appellee.*

(322 P. 2d 748)

Opinion filed March 8, 1958.

*E. W. Jernberg* and *John E. Altenborg,* both of Lindsborg, were on the briefs for the appellant.

*Evart Mills,* of McPherson, was on the briefs for the appellee.

The opinion of the court was delivered by

HALL, J.: This is an appeal from an order sustaining a demurrer to the plaintiff's evidence in an automobile-motorcycle negligence action.

The action arose in the following manner:

The plaintiff, appellant here, was driving his motorcycle westbound along Kansas Avenue (U. S. Highway 56) in McPherson, Kansas. He was following a car driven by the defendant Sorenson.

The defendant pulled off the road and stopped his automobile. The plaintiff thought defendant would make a turn and that the plaintiff's path would be blocked if he went to the left and tried to pass him. The plaintiff went to the right and into the ditch hitting a culvert. The automobile and motorcycle did not collide.

The case came on for trial and the sole evidence was the plaintiff's testimony. At the conclusion of plaintiff's testimony the defendant demurred to the plaintiff's evidence and the court sustained the demurrer on the ground of plaintiff's contributory negligence.

In his testimony the plaintiff stated:

". . . That they [plaintiff and companion] were traveling west . . . when Sorenson . . . attempted to make a 'U' turn; that he took to the far north edge of the highway; that the defendant apparently saw him and stopped; . . . that it was too late for plaintiff to go back to the left and go around where he should have, but his [defendant's] car was in the way, and he either had to hit him broadside or take to the left and hit oncoming traffic, or head to the ditch. So he went over on the shoulder of the highway . . . and went behind his [defendant's] car—between his car and a drive that was going into a new building. . . . And he missed the Buick, staying on the dirt shoulder between the Buick and the drive, and landed about ten feet past the drive and the car. . . .

"That the Sorenson car first pulled off the concrete slab, then attempted to make a turn without giving a signal of any kind; that he [plaintiff] was traveling 30 miles per hour. . . . That defendant came to a sudden stop when the plaintiff got over on the dirt shoulder. . . ."

On cross-examination the plaintiff testified:

". . . *That he was around two to three hundred feet behind the Sorenson car when he first saw it, and that it was then just moving off the pavement onto the dirt shoulder, clear off the pavement . . . That he could stop his cycle within fifty feet if on the pavement, that he pulled off the pavement about 105 feet from the Sorenson car and could not stop on the sand on the shoulder. . . .*

". . . *That plaintiff did not hit the culvert, but lost control of his cycle at the drive at the side of the culvert.*" (Emphasis ours.)

On cross-examination the plaintiff also admitted making and signing a report to the police of his version of the accident. The report was admitted into evidence over objection by the plaintiff. The report showed no improper driving on the part of the defendant. The plaintiff admitted signing the report but stated that it was not correct.

The plaintiff specifies that the court erred in sustaining the demurrer to his evidence, in admitting the police report into evidence, and in overruling his motion for new trial.

In support of his contentions the plaintiff cites the general rule regarding a demurrer to the evidence, particularly *Haga v. Moss, Administrator,* 181 Kan. 171, 311 P. 2d 281.

He also relies on G. S. 1949, 8-547, 8-549, 8-544 and 8-539 all of which pertain to signals, turns and other proper operation of motor vehicles.

These authorities do not apply to the issue under consideration here. It has long been the rule that where the only evidence in a lawsuit consists of admissions of a party which plainly convict him of negligence, advantage may be taken thereof by demurrer. (*Koch*

*v. Suttle,* 180 Kan. 603, 306 P. 2d 123; *McPherson v. Leichhardt,* 181 Kan. 330, 310 P. 2d 941.)

Whether an act, or acts, constitute negligence or a contributing cause of injury, is ordinarily a question for the jury but where all the evidence upon which a party relies for recovery consists of his own admissions which clearly disclose the injury was the direct result of the concurrent negligence of two motorists a question of law is properly presented for determination of the court. (*Koch v. Suttle,* supra; *McPherson v. Leichhardt,* supra.)

Ordinarily a party is entitled to the rule that on demurrer the evidence must be considered in the light most favorable to him. (*Haga v. Moss, Administrator,* supra.) However, we have adhered strictly to the equally well established rule that a party is bound by his own unequivocal admissions. This rule is especially applicable where the plaintiff's case stands solely on his own testimony and no physical or other facts are in dispute.

The plaintiff's admission he was driving from 200 to 300 feet behind defendant's car when he first saw it and that he could have stopped his motorcycle within 50 feet, but chose to pull off the pavement about a 105 feet behind the defendant's car losing control of his motorcycle, contains all of the essential facts of contributory negligence as a matter of law.

The plaintiff contends he is entitled to the application of the "doctrine of emergency" and cites *Barzen v. Kepler,* 125 Kan. 648, 266 Pac. 69. We think not. Any emergency which arose under the facts and circumstances of this case was created by the plaintiff's own negligence and he certainly cannot invoke the emergency doctrine in his own behalf. (*Eldredge v. Sargent,* 150 Kan. 824, 96 P. 2d 870; *Mulich v. Graham Ship By Truck Co.,* 162 Kan. 61, 174 P. 2d 98; *Meng v. Penner,* 179 Kan. 789, 298 P. 2d 246.)

The police report was admissible and competent for whatever it was worth as a statement in the nature of an admission against interest. (*Hultberg v. Phillippi,* 169 Kan. 610, 220 P. 2d 208.)

The demurrer was properly sustained.

The judgment is affirmed.