JACK HIRSCHMANN *d.b.a.* H. L. BOUTON Co. *vs.*
SUN-DIAL OPTICAL Co.

APRIL 16, 1959.

PRESENT: Roberts, Paolino and Powers, JJ.

ROBERTS, J.   This action in assumpsit was brought to recover compensation for the performance of a processing operation conducted on property owned by the defendant. The case was tried by a justice of the superior court sitting with a jury.   At the conclusion of the trial a verdict was returned for the plaintiff in the amount of $1,942.72.   The case is before us solely on the defendant's exception to the denial of its motion for a new trial.

In general the facts of the case are not substantially in dispute. It appears that in 1950 plaintiff had an agreement with defendant under which he was to process optical lenses. The plaintiff was supplied with these lenses for such purpose by defendant, and the work was done in plaintiff's plant located in Fairhaven, Massachusetts. It appears that as the work was completed plaintiff would ship batches of the lenses to defendant's plant which is located in the city of Providence.

The plaintiff claims that defendant owes him $1,600.72 for the services which he performed in processing the lenses. The defendant claims that a substantial number of the lenses delivered to plaintiff for processing were not returned to it. The defendant filed a plea in recoupment for the value of the missing lenses, and the amount set out in such plea was $1,267.21. As stated above, the jury returned a verdict for plaintiff in the full amount of his claim.

The defendant, in contending that the trial justice erred in denying it a new trial, argues that he overlooked the uncontradicted testimony that defendant did not receive two shipments of lenses. It is apparent that defendant bases its argument on an assumption that the contract between it and plaintiff was such as to make plaintiff an insurer of the delivery to defendant of the return shipments. The difficulty with defendant's position is that there is a sharp conflict in the testimony concerning the terms of their contract relating to the return of the lenses.

It appears from testimony adduced by plaintiff that defendant had informed him that it was anxious to have prompt delivery of the processed lenses. The plaintiff testified that he was instructed by defendant to experiment with the various methods available for shipping the lenses to defendant in order to determine which of these methods would result in the fastest delivery. He was instructed to experiment with the use of parcel post, special delivery, and railway express.

The plaintiff testified further that after he had made a number of shipments by the alternate methods suggested by defendant, it instructed him that all future shipments were to be made by parcel post, special delivery, uninsured, as defendant was of the opinion that such shipments would come through faster. The plaintiff also testified that the batches of lenses claimed not to have been delivered to defendant were shipped to it on December 6 and 8 by parcel post, special delivery in accordance with its instructions.

The defendant denied that it had received these particular shipments and also presented testimony to the effect that it had not given plaintiff the instructions above outlined concerning methods of delivery. It is clear therefore that the testimony which relates to the requirements of the contract bearing on delivery or return of the processed lenses to defendant is in sharp conflict and raises a substantial question of credibility.

It is the well-settled rule in this state that where there is evidence of such a character that reasonable men could reach different conclusions as to which of the parties had presented the more credible testimony, the trial justice on a motion for a new trial should not disturb the verdict. *Votta* v. *Calcagni*, 84 R. I. 289. In view of this rule it is our opinion that the trial justice in the instant case did not err in denying defendant's motion for a new trial.

The defendant has also briefed and argued the proposition that certain portions of the charge of the trial justice were prejudicial to the defendant in that they invaded the province of the jury. However, we have carefully examined the record without finding therein any exception by the defendant to such portions of the charge or any request by it for instructions on the points in question. It is well established that in the absence of any exception taken thereto a party may not raise an objection here to a portion of the charge given by a trial justice. *Thomas* v. *New-*

*port Oil Corp.*, 85 R. I. 455, 133 A.2d 631; *O'Connell v. Ford*, 58 R. I. 111.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Marshall B. Marcus*, for plaintiff.

*Isadore S. Horenstein*, for defendant.