214 A.2d 189.

ARAM K. BERBERIAN *vs.* HENRY J. MARTIN.

NOVEMBER 2, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

ROBERTS, J. This is a bill in equity brought for the cancellation of a promissory note executed by the complainant in his capacity as treasurer of Dairy Delight of Central Falls, Inc., to restrain the respondent from transferring or negotiating that note, and for a money judgment in the amount of $5,000. The cause was heard by a justice of the superior court sitting in equity, who, after the close of the hearing, denied the complainant's motion to reopen for

the production of further evidence. On May 1, 1953 a decree was entered denying and dismissing the bill, from which the complainant has prosecuted an appeal to this court.

It appears from the record that in July 1952 complainant purchased from respondent a refreshment stand located in the city of Central Falls. There is no substantial dispute that the purchase price included cash and negotiable instruments in the amount of $5,000 and in addition thereto the promissory note of the face value of $1,523, cancellation of which is here sought. The basis of the instant suit is complainant's contention that he was induced to purchase the refreshment stand by false and fraudulent representations relating to the amount of business conducted therein and the amount of the gross income thereof. Such facts as are material to a decision of the issues will be referred to in the course of this opinion.

We direct our attention, first, to complainant's contention that error inhered in certain of the court's evidentiary rulings, with which contention we are unable to agree. Where fraud is alleged, the court has a wide discretion with respect to the admission of evidence either to prove or disprove that allegation. *International Shoe Co.* v. *Berick,* 55 R. I. 333. Neither can we agree that the court's exclusion of evidence offered by complainant for the purpose of establishing respondent's expectations as to the method by which his agent would conduct negotiations for the sale of the stand constituted prejudicial error. The transcript discloses that evidence was admitted as to respondent's instructions to his agent in this respect and in that circumstance complainant was not prejudiced by the exclusion of the proffered testimony.

It is our further opinion that the denial of complainant's motion to reopen the cause at the close of testimony for the production of further evidence was not error. Such motions are addressed to the discretion of the trial justice,

and this court will not disturb his action thereon absent a showing of an abuse of that discretion. *Douglas Furniture Corp.* v. *Ehrlich*, 91 R. I. 7; *Kelley* v. *McMinniman*, R. I., 123 Atl. 289. The instant record does not, in our opinion, disclose an abuse of discretion.

The complainant argues also that it was error to deny his motion to frame fact issues for submission to a jury. The proposed issues related primarily to the question of fraud, that is, whether complainant was induced to purchase the business by false representations concerning the income thereof. In his brief complainant makes a passing reference to the constitutional provision preserving the right to trial by jury, but nowhere does it appear that he is contending that he has a constitutional right to a trial by jury in the instant circumstances. Rather, he appears to contend that while the procedure here is equitable in form, he seeks in substance to recover money damages in an action for deceit that is legal in character. Therefore, he argues, the court abused its discretion in denying his motion to frame issues, relying apparently on the pertinent provisions of G. L. 1956, §9-14-21.

Said section provides, in part, that in equity causes "the superior court may frame issues of fact to be tried by a jury, as the court in its discretion may deem advisable * * *." This statute was construed recently in *Maryland Casualty Co.* v. *Sasso*, 98 R. I. 483, 204 A.2d 821, as being intended to confer upon the equity court a broad discretion to employ juries in equity causes. In that case we held that where the intervention of a court of equity for the purpose of granting equitable relief depends substantially upon an antecedent determination of a legal right asserted by a party to the cause, it is, under the statute, an abuse of discretion on the part of the court to refuse to frame suitable issues for submission to a jury on the legal issue.

We cannot agree, however, that equitable relief in the instant cause was dependent in any way upon an ante-

230

cedent determination of complainant's legal rights. The thrust of the action here is equitable, that is, the cancellation of an instrument and the setting aside of a contract of sale on the ground of fraud. These are matters which are peculiarly within the jurisdiction of the court of equity and with respect to which equity may give appropriate relief without any prior determination of any question of law. In the circumstances we are constrained to conclude that the denial of complainant's motion that issues be framed for submission to the jury was not error.

We turn to the complainant's contention that the decision of the trial justice was contrary to the weight of the evidence. We find no merit in this contention. It is well settled that this court will not disturb the decision of a justice of the superior court sitting in equity unless it is shown that he was clearly wrong or failed to do substantial justice between the parties. *Waterman* v. *Waterman*, 93 R. I. 344. There is in this case an abundance of testimony which is conflicting upon the issues of the nature of the representations made and of the complainant's reliance thereon in purchasing the business. After an examination of the transcript we cannot say that the trial justice overlooked or misconceived any evidence material to these issues or that he was clearly wrong in denying and dismissing the instant bill of complaint.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aram K. Berberian,* for complainant.

*Boss, Conlan, Keenan & Rice, James M. Shannahan,* for respondent.