No. 44,782

WARREN J. HORTON, *Appellant*, v. MONTGOMERY WARD, a Corporation, *Appellee.*

(428 P. 2d 774)

Opinion filed June 10, 1967.

*William L. Fry,* and *Vincent L. Bogart,* both of Wichita, argued the cause, and *Dale A. Spiegel,* of Emporia, was with them on the briefs for the appellant.

*Glenn J. Shanahan,* of Wichita, argued the cause, and *Dale M. Bryant, Morris H. Cundiff, Garner E. Shriver* and *W. Sherm Timmons, Jr.,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This appeal stems from a controversy over a motor vehicle collision.

The facts are not seriously disputed.

At about 6:25 o'clock on the morning of January 11, 1963, L. J. Williams, an employee of the defendant, Montgomery Ward, was driving a two trailer truck combination on the Kansas Turnpike. It was still dark. The weather was misting and freezing. The roadway was icy and slick.

Williams was driving northeast and as he was about a mile from Mile Post 107, which is about three miles out of Emporia, he noticed two tractor trailers side by side on a bridge just north of the

marker. He let up on the accelerator hoping that he could stop without applying his brakes on the slippery ice. When he was about three hundred and twenty-five feet from the two parked vehicles, going about ten miles an hour, he touched the brakes and the trailers "jackknifed" blocking the two lanes for north bound traffic. Plaintiff, who was proceeding some distance behind, drove or skidded into the trailer which was blocking the east traffic lane and was injured. More detailed facts will be presented as we discuss the specific issues to which they are applicable.

The issues were framed and the case was tried to the court without a jury. At the close of the evidence the trial court found that "the plaintiff was guilty of contributory negligence that contributed proximately and directly to the accident and cause of action" and rendered judgment for defendant. The plaintiff has appealed.

It is first contended by appellant that the trial court erred in refusing to permit plaintiff a trial by jury.

We review the facts and the statutes pertaining to this issue.

The collision occurred on January 11, 1963. The first petition was filed May 13, 1963, in which Montgomery Ward and the Kansas Turnpike Authority were joined as defendants. A demurrer was sustained in favor of the Kansas Turnpike Authority to the petition, to an amended petition and to a second amended petition. The last demurrer was sustained on September 9, 1963. The above proceedings took place under the old code.

The new Code of Civil Procedure was approved by the legislature February 27, 1963, and published in the statute book on June 30, 1963, to take effect on January 1, 1964. The delay was for the purpose of enabling the members of the bench and bar to acquaint themselves with the new rules of civil procedure. Included in the new rules were certain sections covering jury trials.

K. S. A. 60-238 (*b*) provides for demand as follows:

"*Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten (10) days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

K. S. A. 60-238 (*d*) provides for waiver on failure to make demand. It reads:

"*Waiver.* The failure of a party to serve a demand as required by this rule and to file it as required by section 60-205 constitutes a waiver by him of trial by jury but waiver of a jury trial may be set aside by the judge in the interest

of justice or when the waiver inadvertently results without serious negligence of the party. . . ."

K. S. A. 60-239 (*b*) further provides:

"*By the court.* Issues not demanded for trial as provided in section 60-238 shall be tried by the court; but notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right, the court in its discretion may order a trial by jury of any or all issues."

On December 30, 1963, two days before the above rules became effective, the third amended petition was filed with Montgomery Ward the sole defendant. The answer, the last pleading, was filed January 24, 1964. No demand for jury trial was filed until June 9, 1964, when a praecipe for placing the case on the jury trial docket was filed. At the pretrial conference the trial court announced that a jury trial could not be permitted because the demand for a jury trial was not filed in time. The case proceeded to trial before the court.

The appellant states as the only reason for not filing a timely demand for a jury trial:

"We had for many years followed the practice of using the form of Praecipe for Placing the case on the jury trial docket when the issues were drawn up. This was not limited to a ten day period."

The jury trial was not suggested until some four months after the time allowed by the new code. Under the new rules the demand for a jury trial must be made not later than ten days after the service of the last pleading directed to such issue (K. S. A. 60-238 [*b*]) but the waiver may be set aside by the judge in the interest of justice or when waiver inadvertently results without serious neglect of the party (K. S. A. 60-238 [*d*]) and the court in its discretion may order a trial by jury of any or all issues (K. S. A. 60-239 [*b*]).

In the absence of a timely demand for a jury trial, a party waives the right to a trial by jury (*United States v. Moore*, 340 U. S. 616, 95 L. Ed. 582, 71 S. Ct. 524, reh. den. 341 U. S. 923, 95 L. Ed. 1356, 71 S. Ct. 740; *Murphy v. Shelby*, 353 F. 2d 418) and relief from the waiver is left entirely in the discretion of the trial court.

Under the facts in this case we cannot say that the trial court abused its discretion. Such a ruling would have the effect of destroying the legislative fiat that a demand must be made for a trial by jury within ten days after the last pleading directed to such issue or the right is waived. This we should not do.

It should also be noted that the appellants argue the prejudice

of the trial judge as a reason why a jury trial should have been granted. We will next consider that issue.

The appellant contends that the judgment "was given under the influence of prejudice" of the trial court. The claimed prejudice, which it is charged influenced the trial judge in his decision, appears to be based on the opinion of the trial judge that there could be a better procedural method for determining responsibility in motor vehicle collision cases. It appears he has suggested a trial by a commission of experts rather than a trial to a jury or a judge and the elimination of the contributory negligence rule. No doubt there are many trial judges that hope for some improved procedure for determining responsibility in automobile accident cases.

A judge is not to be charged with prejudice because he desires and suggests what he thinks to be improved trial procedure. We find in The State Trial Judge's Book, published under the sponsorship of the National Conference of State Trial Judges and the Joint Committee for the Effective Administration of Justice, the canons of judicial ethics, paragraph 23, p. 275, reads:

"Legislation. A judge has exceptional opportunity to observe the operation of statutes, especially those relating to practice, and to ascertain whether they tend to impede the just disposition of controversies; and he may well contribute to the public interest by advising those having authority to remedy defects of procedure, of the result of his observation and experience."

We cannot say, as a matter of law, that because a trial judge seeks improvement in the present rules of trial procedure he will not conscientiously apply the existing rules until such time as they are abrogated.

The appellant's last claim of error is to the effect that the evidence discloses the appellee was guilty of negligence "proximately causing" the collision and there was no evidence to support the trial court's conclusion that appellant was "guilty of contributory negligence which proximately caused the accident."

Before we consider the evidence which was before the finder of facts for its determination, we note that a person who is contributorily negligent cannot recover for an injury or loss sustained. (PIK 4.01; *Cooper v. Sorenson*, 182 Kan. 560, 322 P. 2d 748.) The exception of wanton negligence (*Horn v. Chicago, R. I. & Pac. Rld. Co.*, 187 Kan. 423, 357 P. 2d 815) is not raised in this case. If the appellant was guilty of contributory negligence we need not consider the evidence of defendant's negligence.

Again, before we consider the evidence for the purpose of determining whether there was support for the trial court's finding of contributory negligence, we note certain rules limiting the power of this court on appellate review. This court does not concern itself with conflicting evidence. The trier of facts has the responsibility of weighing the evidence and determining what testimony will be believed. A finding supported by substantial competent evidence will not be disturbed on appeal. (*Loucks v. McCormick*, 198 Kan. 351, 424 P. 2d 555; *Gibbs v. Erhert*, 198 Kan. 403, 424 P. 2d 276, and cases cited therein.)

With these rules in mind we will review the record for the purpose of determining whether there is any substantial evidence to support the trial court's finding of contributory negligence.

Mr. Williams, driver of the truck pulling the jackknifed trailers, testified as to appellant's speed:

"A. Well, Mr. Horton came right on up and ran into it.

"Q. Was there any reduction in his speed?

"A. Well, it looked to me like he just ran into it without reducing his speed."

The appellant testified that when he first saw the lights of the tractor which had swung across the media strip facing south he was probably half a mile away. He thought they were the lights of a car traveling south. He dimmed his lights. He further testified:

"A. I continued on and all at once there was a black wall in front of me. My lights shone under the trailers and the first thing I seen was the trailer sitting there.

"Q. You had just seen these lights and then you saw a black wall and then the trailer?

"A. Then it was identifiable it was a trailer.

"Q. Well, when you just saw the black wall effect what did you do?

"A. I applied the brakes.

"Q. To your best recollection about how far back where you when you first saw the black wall?

"A. I would say 350 or 400 yards. I am a poor guesser; something like that.

.   .   .   .   .   .   .   .   .   .   .   .   .

"Q. Is this black wall you are referring to the trailers?

"A. Yes.

"Q. And then you applied your brakes, you say?

"A. I did.

"Q. And then you skidded into the guard rail along the side of the road?

"A. No, I didn't skid into it.

"Q. You drove into it?

"A. I started to skid and I released the brake and got control and went over on the shoulder where I could get into the rough gravel. I thought it was sticking up through the glaze of ice.

"Q. Then, you swung over and struck the rear end of the trailer?

"A. I hit the guard rail first to take part of the blow.

. . . . . . . . . . . . .

"Q. How fast were you driving?

"A. Thirty-five to forty.

"Q. And you think on that ice you could have stopped within seventy-five feet?

"A. If it was out on the roadway, no. That was the idea of going to the shoulder—to get some traction."

It would serve no useful purpose to further extend this opinion by presenting additional evidence. There was substantial evidence to support the trial court's finding that appellant was guilty of contributory negligence because of his speed and failure to reduce speed on an icy highway placing his automobile out of control.

A careful examination of the record disclosed no error which would justify the granting of a new trial or other relief.

The judgment is affirmed.

APPROVED BY THE COURT.