284 A.2d 883.

ELVIRA A. AMARAL *et ux. vs.* CHARLES N. TURNER, JR.

DECEMBER 30, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an appeal from certain rulings made by a justice of the Superior Court during and after a jury trial involving a negligence action. The controversy arose as a result of a head-on automobile collision on Hilltop Road in Cumberland, Rhode Island, on January 3, 1967. The jury returned a verdict for defendant (Turner). When the forelady announced the verdict, she informed the trial judge that the jury had found both the plaintiff, Elvira A. Amaral, and the defendant "equally guilty" of negligence.[1] The specific issues before us pertain to the court's refusal to allow into evidence a certain portion of a police report and the trial court's denial of the plaintiffs' motion for a new trial.

At 1:45 p.m. on the day in question, Turner was traveling in a westerly direction on the highway. He had just visited the home of a friend at 209 Hilltop Road and was proceed-

---

[1]The case arose when contributory negligence was a complete bar to recovery by a plaintiff in an action to recover damages for the negligence of a defendant. Such situations are now governed by this state's new comparative negligence statute, P. L. 1971, ch. 206.

ing towards the home of an "associate" whose residence was located at 234 Hilltop Road. The distance between the two houses was approximately 300 feet. Turner stated that as he approached his associate's home, he was traveling in the center of the road. He described the highway as being approximately 26 feet in width. There was no painted line marking the middle of the highway.

As he was approaching his associate's home at a speed of about 5 to 10 miles per hour, Turner admitted that he was not looking ahead but at the house to see if there was any indication that his colleague was home. When Turner turned his head back towards the road, he saw the Amaral car about 50 feet in front of him at which time he jammed on his brakes and cut the wheels of his vehicle to the right. Turner insisted that his car was stopped prior to the impact and that the two cars met at the center of the highway.

On the day in question, Elvira A. Amaral was driving her husband's automobile. She testified that as she was proceeding easterly on Hilltop Road at a speed of 20 miles per hour, she observed defendant's car coming towards her on her side of the highway. Mrs. Amaral first observed the Turner vehicle when it was 200 feet in front of her. She related how she first blew her horn, then turned to the right in an effort to avoid the oncoming vehicle and stopped. The only portion of the Amaral vehicle that was off the highway was its right front wheel. Mrs. Amaral said that she was stopped at the time of the collision. During cross-examination, she first testified that she blew her horn as soon as she saw defendant's erratic approach, but subsequently she declared that she did not attempt to get defendant's attention until the distance between the two vehicles had been reduced to 50 feet.

Mrs. Amaral's married daughter also appeared as a witness. She and her infant child were passengers in the

Amaral automobile. The daughter corroborated her mother's version of how the collision occurred.

Another witness at the trial was a Cumberland police officer who made an on-the-scene investigation of the collision. After testifying as to what he saw on that date, he stated that he made a report of the incident which was the usual procedure. During the course of his examination, plaintiffs requested that page 1 of the report be admitted as a full exhibit and that pages 2 and 3 of the report be admitted for identification purposes only. Page 1 pertained to the names of the parties involved and other assorted vital statistics; page 2 described the damages incurred by the vehicles, and page 3 contained statements given to the officer by each operator. Mrs. Amaral's statement substantiated her courtroom testimony. In his statement, Turner told the officer that he was proceeding along the wrong side of the street.

At the conclusion of all testimony, plaintiffs moved to have pages 2 and 3 admitted into evidence as full exhibits. The motion was denied. This denial constitutes the first phase of their appeal.

We acknowledge the general rule which excludes statements contained in a police report concerning the cause of or responsibility for personal injury or property damage. We have, however, held that such statements are admissible for the limited purpose of discrediting or impeaching the declarant's inconsistent testimony. *Major* v. *Grieg*, 102 R. I. 379, 230 A.2d 846 (1967). The plaintiffs argue that the statement Turner gave to the police investigator should have been admitted into evidence not only to impeach his in-court testimony that as he proceeded along

Hilltop Road he was in the "center" of the highway but also an admission against his interest.[2]

We perceive no reversible error in the refusal of the trial justice to make Turner's statement a full exhibit. This is because of the well-settled proposition that a litigant is not prejudiced where evidence which, at one point has been erroneously excluded, is at some other juncture in the trial presented for the fact-finder's consideration. *Handy* v. *Geary,* 105 R. I. 419, 252 A.2d 435 (1969); *Berberian* v. *Martin,* 100 R. I. 227, 214 A.2d 189 (1965); *Kinoian* v. *Brennan,* 78 R. I. 298, 81 A.2d 697 (1951); *Isherwood* v. *Vendettuoli,* 73 R. I. 437, 57 A.2d 171 (1948).

Here, the investigating officer told the jury that, while he could not remember Turner's exact words, he did recall Turner's statement that he was driving on the wrong side of the road because he was looking for his friend's home. The plaintiff's daughter informed the jury that she was present when Turner gave his statement. She then repeated it almost verbatim. There is no question whatever that the jury was twice informed that Turner, while at the scene of the collision, conceded that he was in the wrong lane of traffic. This being so, we see no prejudice to plaintiffs' case because this statement which is in the police report was not made a full exhibit.

In challenging the trial justice's denial of their motion for a new trial, the plaintiffs assume the burden of persuading us that the trial justice has failed to perform his duties in accord with the dictates of *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836 (1964), or having done so, he has overlooked or misconceived material evidence on a controlling issue or was clearly wrong. *Bianchi* v. *O'Leary,* 108 R. I. 166, 273 A.2d 495 (1971).

---

[2]This is another exception to the general rule. *See Cooper* v. *Sorenson,* 182 Kan. 560, 322 P.2d 748 (1958); *Finnerty* v. *Darby,* 391 Pa. 300, 138 A.2d 117 (1958).

In stressing his view that Mrs. Amaral was not in the exercise of due care for her personal safety or the safety of her husband's automobile, the trial justice pointed to her testimony where she admitted seeing the inattentive Turner 200 feet in front of her but did nothing about it until the vehicles were just about 50 feet apart. We have examined the record and find that the plaintiffs have failed to carry the burden that was theirs as they sought a new trial.

The plaintiffs' appeal is denied and dismissed.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for plaintiffs.

*Keenan, Rice, Dolan & Reardon, John F. Dolan,* for defendant.