317 A2.d 883.

FRANK A. YETNER *vs.* REMINGTON COAL & LUMBER COMPANY.

APRIL 15, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This action in negligence was brought by the plaintiff, Frank A. Yetner, against the defendant, Remington Coal & Lumber Company, to recover for injuries sustained by reason of a collision between two motor vehicles on Reservoir Road in the town of Burrillville on January 7, 1958. After the trial in the Superior Court, the jury returned a verdict in favor of the plaintiff Yetner in the amount of $15,000. The defendant Remington is now prosecuting an appeal to this court, contending that the trial justice erred in denying its motion for a new trial, in awarding excessive damages, and in certain evidentiary rulings.

There were only two eyewitnesses to the collision, namely, plaintiff Yetner and one Albini Charles DeRoy, the driver of defendant Remington's vehicle. The record discloses that plaintiff Yetner testified that on that date he was traveling along said Reservoir Road in a southerly direction at a speed of about 18 miles an hour. It was, he said, approximately 4 p.m., dark and snowing, and the road had not been plowed. According to Yetner, he observed defendant's vehicle approaching him, moving along the center of the highway. He testified that he, Yetner, applied his brakes and pulled over to the right. At the time of impact, he stated, his vehicle had stopped. It was struck by defendant's truck and its bumper hooked by defendant's pickup truck in such a manner as to pull Yetner's car across the road.

The defendant's driver, DeRoy, agreed with Yetner's testimony only as to weather and road conditions. He testified that he became aware that Yetner's car was approaching him when it was about 100 feet away, at which time it was moving along the wrong side of the road. He further testified that he stopped his pickup truck and that, while it was standing, it was struck by Yetner's vehicle.

It appears further that a police officer, Oliver T. Paul, investigated the collision and filed a subsequent report thereon. The report contained, among other things, diagrammatic and written material purporting to show the width of the road at the point of impact and the relative position of the vehicles after impact and other data. It does not appear that Officer Paul testified at the trial, although his deposition was apparently read into evidence at the trial. The diagrammatic and written portions of Officer Paul's report were offered in evidence by defendant at the trial, who argued that they were a result of the personal observations and measurements of the police officer and were not hearsay and, therefore, were admissible. However, the trial justice ruled that both portions of the police report

were inadmissible hearsay and sustained an objection to their admission into evidence.

The defendant now contends quite vigorously that the diagrammatic and written portions of the report concerning the width of the road and the location of the vehicles were improperly excluded from evidence. Its argument is that such material was admissible under G. L. 1956 (1969 Reenactment) §9-19-13, which provides an exception to the hearsay rule with respect to book entries made in the regular course of business. We are of the opinion, however, that no useful purpose would be served by extending this opinion by a discussion of the merits of that argument.

If we were to assume that the excluded portions of the report were admissible under §9-19-13, we cannot escape concluding that any error involved in the exclusion thereof did not prejudice defendant. It is a well-settled proposition that a litigant is not prejudiced by the exclusion of particular evidence during a trial when at some juncture in the trial such evidence is admitted and submitted to the factfinders for consideration. See Amaral v. Turner, 109 R. I. 341, 284 A.2d 883 (1971); Handy v. Geary, 105 R. I. 419, 252 A.2d 435 (1969); Berberian v. Martin, 100 R. I. 227, 214 A.2d 189 (1965).

The record here discloses clearly that in the course of the trial plaintiff Yetner and defendant Remington put into evidence testimony concerning the width of the road and further that each of the operators drew a diagram showing the position of the vehicles after the impact. We feel that these factors bring the instant case clearly within the rule stated in Amaral v. Turner, supra, and in that circumstance we must conclude that if the exclusion was error, it was harmless.

The defendant contends further that the court erred in denying its motion for a new trial. It rests this contention on the fact that there was some inconsistency between the

tenor of the decision of the trial justice on the motion and remarks that he made prior to deciding the motion to the effect that, in his opinion, plaintiff had failed to sustain his burden of proof. It is to be conceded that the trial justice, in deciding the motion, did make some comment on the sufficiency of plaintiff's testimony to sustain the burden of proof, saying: "I do have serious doubt as to the correctness of this verdict, but the evidence is nearly balanced. One says one thing and one says another, and different minds can naturally and fairly come to different conclusions." This latter language, in our opinion, is significant indication that the trial justice did, as required on this motion, exercise his independent judgment as to the weight and credibility of the evidence. Clearly, he had in mind the well-established rule that where there is conflicting evidence of such a character that different minds could naturally and fairly come to different conclusions thereon, he should not disturb the verdict. *Mazzaro* v. *Narragansett Improvement Co.,* 109 R. I. 244, 283 A.2d 887 (1971); *Hirschmann* v. *Sun-Dial Optical Co.,* 89 R. I. 31, 150 A.2d 293 (1959). We are persuaded that, in denying the motion, the trial justice properly invoked the rule set out in *Hirschmann, supra.*

The instant case is peculiarly one which raises a substantial question of credibility on evidence that is in direct conflict. The trial justice made it clear also that he was aware of the fact that this case was tried 14 years after the accident had occurred and was taking the position that in such circumstance he should not disturb the jury's verdict although he was not in agreement with it.

The rule upon which the trial justice relied recognizes that a trial court should observe the priority of the jury in the exercise of a fact-finding power and should abstain from frustrating that priority of the jury as the finder of ultimate fact by overturning its verdict where the evidence is in the state contemplated by the rule set out in *Hirschmann*. The

court recognized that after the lapse of time, the memory of witnesses could well have dimmed and that the evidence as they recalled it was in clear conflict. Obviously, the trial justice was not entirely in accord with the result reached by the jury, but, giving due deference to the priority of the jury's fact-finding prerogative, he properly refrained from disturbing the verdict. We cannot conclude that he was clearly wrong in so concluding.

The defendant contends finally that the award of damages in the amount of $15,000 was grossly excessive. There is in the record no evidence as to plaintiff's medical expenses or loss of earnings. Consequently, the award necessarily was given for the injuries sustained by plaintiff and the resulting pain and suffering. In short, defendant here is contending that the award for injuries sustained and the pain and suffering consequent thereto was grossly excessive. We are unable to agree.

In *Tilley* v. *Mather*, 84 R. I. 499, 124 A.2d 872 (1956), we made it clear that this court recognizes no formula or rule of thumb for ascertaining the compensability for pain and suffering in terms of money. We there held that a jury was to be allowed substantial latitude in computing the amount to be awarded as damages for such pain and suffering and that we would reduce the jury verdict in this respect only when it appears that the damages were grossly excessive. We went on to hold that in order for such an award to be grossly excessive, there must be a demonstrable disparity between the amount of damages awarded and the pain and suffering shown by the evidence to have been endured as a consequence of the injury. *See Calci* v. *Brown*, 95 R. I. 216, 186 A.2d 234 (1962).

Here, because of the absence of evidence as to loss of earnings and medical expenses, we have an appropriate case in which to apply that test. There was evidence adduced that would warrant a jury in finding that the plaintiff had

sustained lacerations of the head at the time of the impact, that he had suffered thereafter from frequent headaches, and that prior injuries to his right knee were aggravated to such a degree as to require surgery and, for a period of about five months, physiotherapy. That the jury was generous in making the award must be conceded, but, in our opinion, the defendant has not persuaded us that this generosity constituted in fact the demonstrable disparity required by *Tilley* v. *Mather, supra*. We, therefore, find no merit in the contention that the award of damages was grossly excessive.

The defendant's appeal is denied and dismissed, the judgment appealed from is sustained, and the case is remitted to the Superior Court for further proceedings.

*Stephen G. Linder,* for plaintiff.

*James M. Shannahan,* for defendant.