BERNARD A. KEENAN *vs.* PROVIDENCE JOURNAL COMPANY.

DECEMBER 2, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence to recover for personal injuries and damage to an automobile caused by a collision between the plaintiff's automobile while being driven by himself and an automobile of the defendant while operated by its agent and servant. At the conclusion of the testimony at the trial in the Superior Court the trial justice directed a verdict for the defendant on the ground that the plaintiff's own negligence contributed to the accident, and the case is before us on the plaintiff's exception to such direction.

The accident occurred before daylight at the intersection of Angell street and Thayer street in the city of Providence. A car track is located in the center of each street and each street is approximately thirty feet wide. Angell street runs east and west and Thayer street north and south. The two streets cross each other at right angles. The plaintiff's car was proceeding west and the defendant's car south. At the northwest corner a street light was burning and at the northeast corner a building—Anthony's drug store—extended to the sidewalk line on each street. The left front wheel of the defendant's car collided with the right rear wheel of the plaintiff's car when the rear end of said car was slightly past the center of the intersection of the two streets.

The plaintiff testified that as he approached Thayer street he slowed down from about 22 miles to about 20 miles per hour; that when he slowed up for this corner the front of his automobile was about 10 feet east of the easterly curb of Thayer street; that at that point he looked to his right and could see up Thayer street to his right a distance of 200 feet; that he saw nothing coming and the next thing he knew the collision had already occurred; that from the point, where he first looked to his right, to the point of collision was a distance of 25 to 30 feet; that he traveled that distance at about 20 miles per hour which would not

take more than a second or two; that at the time of collision he was still traveling at 20 miles per hour; that at all times he could see to his right up Thayer street for 200 feet; that he never saw the vehicle which was coming from his right until after the collision when he found himself sitting upon the surface of the street. Plaintiff was unable to give any reason why, if he looked with any care at all, he could not see the truck closely in front of which he drove. His automobile was an open car with no side curtains. The electric light at the corner was lighted. The headlights on the truck were shining brightly and there was nothing to interfere with the plaintiff's view.

The driver of the truck testified that the car with which his truck collided was running on the left side of Angell street, that he did not see the car until it was almost in front of him when the front end of the truck was at about the center of the intersection of the two streets, and that he turned the truck to the right in an attempt to avoid the collision. He further testified that he saw no lights on the plaintiff's car except small parking lights and that the car appeared so suddenly that he was unable to estimate its speed.

The plaintiff asked the court to believe that while he was traveling from twenty-five to thirty feet—at twenty miles per hour—the truck traveled a distance of more than two hundred feet. Such speed for the truck is inconceivable. The truck had traveled several hundred feet southerly on Thayer street. The fact that the plaintiff did not see the truck when it was in plain view, and close at hand, until after the collision demonstrates that the plaintiff did not look and took no care for his own safety.

In *Jacobson* v. *O'Dette*, 42 R. I., 447, we stated the rule as follows: "The driver of an automobile who crosses an intersecting street without taking any observation, except looking straight ahead, when had he looked before attempting to cross he must have seen defendant's automobile com-

ing at right angles but a short distance from him at a rapid rate of speed, is guilty of contributory negligence."

It is well established law that it avails a plaintiff nothing to say that he looked at a point where if he had looked he must have seen the oncoming vehicle. *Kennedy* v. *N. Y., N. H. & H. R. R. Co.*, 43 R. I., 358; *Beerman* v. *Union R. R. Co.*, 24 R. I. 275.

Assuming that the driver of the truck was negligent there was no evidence that he could have avoided the accident when he saw or should have seen that the plaintiff was negligently rushing into a position of danger. The ruling directing a verdict for the defendant was correct.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*James H. Kiernan*, for plaintiff.
*Ralph T. Barnefield*, for defendant.