ROSEINA McALLISTER *vs.* BENJAMIN E. CHASE.
THOMAS J. McALLISTER *vs.* SAME.

JUNE 12, 1940.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

BAKER, J. These two actions of trespass on the case for negligence, brought respectively by husband and wife, were tried together in the superior court to a jury, which returned a verdict for the defendant in each case. After the trial justice had denied the plaintiffs' motions for new trials, each plaintiff duly prosecuted a bill of exceptions to this court. These bills of exceptions, each containing an exception to the above decision of the trial justice, exceptions to rulings made by him during the trials, and an exception to a portion of his charge, are now before us.

The damages which the plaintiffs seek to recover grew out of a collision on February 4, 1931, about 11:30 o'clock, a.m., at the junction of Walker and Chapel streets in Saylesville, in the town of Lincoln, between an automobile owned by the defendant and one owned by the plaintiff Roseina McAllister. At the time of the accident the said plaintiff was alone in her automobile, while the defendant's automobile was being driven by his wife, he not being present. From the evidence it appeared that Walker street, a paved highway about 31 feet wide between curbs, runs through Saylesville in a general easterly and westerly direction. Chapel street enters Walker street from the north. At the junction of these streets the curbings on Chapel street curve one toward the east and the other toward the west in such a way as to make Chapel street very broad where the two streets meet. The distance across Chapel street, where it meets Walker street, is approximately 224 feet; at a point a short distance north on Chapel street, where

there is a crossing, the width is about 138 feet; and the street becomes narrower as one proceeds northerly.

While the exact point where the two vehicles collided is somewhat in dispute, nevertheless its general location is fairly well fixed. According to the evidence the plaintiff Roseina McAllister was driving her car in a westerly direction on her right side of Walker street. The defendant's car, in which were his wife and their two small children, was at the same time being operated in an easterly direction on said street on the proper side thereof. Thereafter the defendant's car was turned to its left and across the path of the McAllister car, so as to enter Chapel street, and the front right mudguard of that car struck and locked with the right rear mudguard of the defendant's car. As a result of the accident, which apparently happened in the westerly portion of the wide intersection, the defendant's car was pushed sideways several feet and close to, if not up against, the curved curbing at the northwesterly corner of the two streets.

In substance, the plaintiffs' contention is that Roseina McAllister slowed down her car, as she approached the junction of the two streets, to about fifteen miles per hour and, after going part way across the wide entrance to Chapel street, was proceeding at about twenty miles per hour; that she had seen the defendant's car approaching for some little time; that the latter car had not been stopped or parked on Walker street across from the post office, which is on the northwesterly corner of the two streets; that when she was in the westerly portion of the wide intersection, the defendant's car turned suddenly toward Chapel street directly in front of her when only a short distance away, estimated at different places in her testimony at from 5 to 30 feet; that she put on her brakes and turned her car to the left but was unable to avoid striking the defendant's car; and that the accident took place in Walker street and not in Chapel street.

On the other hand, the defendant maintains that his car had been parked by his wife on Walker street, facing easterly and across from the post office, while she mailed a letter therein; that thereafter the car was started slowly in first speed and turned out toward the middle of the highway on Walker street; that at this time she saw the McAllister car approaching on that street but at a considerable distance away, near a white or gray house with a piazza, such distance being estimated at five or six house lots and, in any event, being apparently not less than about 350 feet; that there was no other traffic on the highway; that the defendant's wife shifted into second speed and was proceeding at about fifteen miles per hour across Walker street on a curve into Chapel street; that she then again looked toward the east, when she was partly into Chapel street, and observed that the McAllister car was close to her, between 30 and 50 feet away, and coming fast; that she tried to speed up but the rear of the defendant's car was struck by the McAllister car; and that at the time of the collision practically all of the defendant's car was in Chapel street.

As to the way in which the accident happened the plaintiffs had to rely almost entirely on the testimony of Roseina McAllister. The defendant's wife, however, was corroborated in several important particulars by the testimony of two boys who saw the accident take place, and who were, at that time, standing in a triangular space not used by traffic in the middle of Chapel street where it joined Walker street. They testified in part that the McAllister car was traveling very fast on Walker street, which was wet and slushy in places; that, when that car was about opposite where they were standing, its brakes were applied so suddenly that they squeaked; that the McAllister car left marks on the road for about ten yards where it skidded as it swerved in the direction of Chapel street, and struck the defendant's car which had then just entered that street.

The plaintiffs have not pressed their first five exceptions, and they are deemed to be waived. The plaintiffs argue that the verdicts of the jury are against the weight of the evidence and contrary to the physical facts, and that, therefore, the trial justice should have granted their motions for new trials. The conflicting evidence as to how the accident occurred, particularly in relation to the speed at which the McAllister car was being driven, the distance that car was from the defendant's car when the latter crossed Walker street to enter Chapel street, and the condition of the surface of the former street, raised questions of fact as to whether or not the operators of both cars were exercising due care under the circumstances. These questions had to be decided in the first instance by the jury, and later had to be passed upon by the trial justice when he disposed of the motions for new trials. On the issue of due care it was also proper to consider the facts in evidence regarding the place of the accident, the position of the cars thereafter, and the portions of the cars which came in contact with each other.

The jury's verdicts for the defendant were approved by the trial justice. In the instant cases the credibility to be given the testimony of the individual witnesses was of great importance. The trial justice had the benefit, which we do not have, of seeing and hearing them testify. In his rescript he commented favorably on the testimony of the boys who were witnesses for the defendant. We have considered the evidence and his decision and do not find that he misconceived the evidence, or that he was clearly wrong in holding that, on the weight of the evidence, the jury was justified in returning the verdicts in question.

The plaintiffs argue forcefully that the testimony of the said boys ought to be given little, if any, consideration in connection with certain material points relating to the alleged negligence of the defendant's wife. This may be conceded. But it was proper for the jury and trial justice to consider their testimony on other material facts bearing on

the conduct of Roseina McAllister and on certain important conditions then existing. Further, if the plaintiffs' view of the evidence is adopted, their general argument, to the effect that the alleged negligence of the defendant's wife must have been the sole and proximate cause of the accident, is appealing. However, the evidence was in conflict on material issues and the jury were not obliged to accept the plaintiffs' version of the occurrence; but they were entitled to take, and apparently did take, a different view of the evidence from that urged by the plaintiffs.

In particular the plaintiffs maintain that these verdicts are contrary to the established physical facts, and they cite *Whalen* v. *Dunbar*, 44 R. I. 136. However, in our opinion the law set out in that case is not applicable to the instant cases, because the physical facts, upon which the plaintiffs rely herein, are not definitely established and the plaintiffs' contentions in this regard are based either on assumptions not supported by the evidence, or on a view of the evidence which the jury evidently did not accept. In substance, the plaintiffs argue that the defendant's evidence clearly establishes beyond question that the cars were so far apart, when first in sight of each other, that, in view of their subsequent movements, the McAllister car would have had to travel at an impossible rate of speed to reach the place where the accident took place and have it occur in the manner described by the defendant's witnesses, and that the plaintiffs' version of the accident is, therefore, the correct one.

It clearly appears, however, that the evidence as to distances and as to the speed, location and movements of the respective cars at various given times was, for the most part, in the nature of opinion evidence derived from estimates, and was not evidence based on measurements or mathematical accuracy. Further, it is doubtful whether the plaintiffs, in urging this point, gave sufficient consideration to the fact that the defendant's car increased its speed gradually

as it was started from its position opposite the post office, and that it did not reach a speed of fifteen miles per hour until it had been in motion for some appreciable time. Finally, the plaintiffs assume, as being established, that each car traveled a certain definite number of feet to the place of the collision. But the evidence, when it is carefully considered, does not necessarily support such assumption, and the jury could have drawn different conclusions from all the evidence. The plaintiffs' exceptions to the decision of the trial justice denying their motions for new trials are, therefore, overruled.

While the defendant's wife was testifying, the plaintiffs' attorney in cross-examination presented to her a letter written to the defendant by his attorney and asked her to read it. The defendant's objection to this procedure was sustained and the plaintiffs' objection to this ruling is now before us. It was contended by the plaintiffs that the letter might properly be used by the witness to refresh her recollection as to the place on the highway where the collision in question allegedly occurred. In our opinion the ruling of the trial justice was without error. The letter was not directed to the witness. She had testified positively, both in direct and cross-examination, concerning the place of the accident, and it does not appear how the letter to her husband would refresh her recollection. This exception is overruled.

At the conclusion of his charge the trial justice asked if there were any exceptions. A colloquy then ensued in the jury's presence, between the trial justice and the plaintiffs' attorney, as to whether the plaintiffs' rights had been sufficiently protected by the former in the part of his charge dealing with the weight of the evidence, and the plaintiffs were given an exception which they now contend is good. From a consideration of the entire charge, including the added portion thereof as made by the trial justice during the above-mentioned colloquy, we are of the opinion that the plaintiffs' rights in regard to the point in dispute were fully

safeguarded. The plaintiffs, therefore, take nothing by this exception and it is overruled.

All of the plaintiffs' exceptions are overruled, and the cases are remitted to the superior court for the entry of judgment for the defendant in each case on the verdict rendered therein.

*Robert P. Beagan,* for plaintiffs.

*William A. Gunning,* for defendant.