RICHARD THOMAS TILLEY, *p.a.* *vs.* WILLIAM A. MATHER.

HAROLD L. TILLEY *vs.* WILLIAM A. MATHER.

HAROLD L. TILLEY *vs.* NEWPORT TAXI SERVICE, INC.

RICHARD THOMAS TILLEY, *p.a.* *vs.* NEWPORT TAXI SERVICE, INC.

AUGUST 23, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. These are four cases of trespass on the case for negligence arising out of an accident which occurred in the city of Newport wherein a minor child was struck by a taxicab owned by the corporate defendant and operated by

the individual defendant. Two of these actions were brought by the minor child by his next friend against each defendant and the other two by the father of the minor child against each defendant. The cases were tried together in the superior court to a jury which returned verdicts for the plaintiff child in each case in the amount of $10,000 and for the plaintiff father in each case in the amount of $2,500. On a motion of the defendant for a new trial in each case the trial justice ordered a new trial unless the plaintiff father would remit all of the verdict in excess of $1,300 in his case and unless the plaintiff child would remit all of the verdict awarded him in excess of $3,750. The cases are here solely on the exception of each plaintiff to the ruling of the trial justice granting a new trial unless such remittitur was filed within the time prescribed.

The trial justice in his charge to the jury stated that if the plaintiff father was entitled to recover at all, he was entitled to recover in the amount of $1,200. No exception was taken to this charge and it therefore became the law of the case. *Narell* v. *Sasso*, 76 R. I. 483. The jury in returning a verdict in the amount of $2,500 for the plaintiff father disregarded this instruction. It is clear that they failed to follow the law as given to them by the trial justice and therefore the motion for a new trial was properly granted unless a remittitur was filed. *Barry* v. *Kettelle*, 49 R. I. 50, 53. The exception of the plaintiff father is therefore overruled.

There remains for consideration the question of the exception of the plaintiff child. The defendants contend that the verdicts in these cases are grossly excessive and it is apparent that the trial justice agreed with them. Both plaintiff and defendants have urged that an examination of prior decisions reveals that the court has followed some general formula in deciding what is grossly excessive. This court has not adopted a formula, nor has it ever recognized any so-called "rule of thumb" for the computation of the

damages to be awarded for pain and suffering. The establishment of the amount to be awarded for such damages has always been left, under proper instructions, to the discretion of the jury. Its findings have been subject to review by the trial justice on a motion for a new trial and by this court on a bill of exceptions. It has been our policy to allow the jury substantial latitude in computing the amount to be awarded as damages for pain and suffering and to reduce the jury's verdicts in this respect only when it appears that they are grossly excessive. The phrase "grossly excessive" is not an empty one. To be grossly excessive, there must be a demonstrable disparity between the amount awarded and the pain and suffering shown to have been endured as a consequence of the injury sustained.

It is the duty of a trial justice when he reduces the amount of a verdict on the grounds that it is grossly excessive to indicate reasonably in what particular he holds the award to be grossly excessive. In the instant case the trial justice has discharged that duty. He has pointed out that there is no evidence as to any permanent injury or future consequences within the meaning of such evidence as is stated in *MacGregor* v. *Rhode Island Co.*, 27 R. I. 85. The *MacGregor* case states that for a plaintiff to recover present damages for apprehended consequences from the accident there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury. We have examined the transcript carefully and agree with the trial justice that it contains no evidence as to future damages which would be admissible under the rule laid down in the *MacGregor* case, *supra*. The trial justice has also pointed out that despite the serious nature of the plaintiff child's injuries, fracturewise he made a very good recovery.

In certain respects the trial justice was in a more advantageous position than this court to perform this duty. He presided at the trial and saw the plaintiff and witnesses

in the courtroom and on the witness stand. From these vantage points his evaluation of the testimony is of strong and persuasive force if he has applied to the evidence his careful and independent judgment. We think the trial justice has done that. His decision therefore should not be set aside unless it is clearly wrong or unless we find that he has overlooked or misconceived some vital evidence or has applied a wrong rule of law thereto. It is our opinion that he did not err in any of these respects and therefore we cannot say that he was clearly wrong. The exception of the plaintiff child in each case is therefore overruled.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for a new trial unless the plaintiff father shall, on or before September 5, 1956, file in the office of the clerk of that court a remittitur of all of the verdict in his case in excess of $1,300, and unless the plaintiff child shall, on or before September 5, 1956, file in the office of the clerk of the superior court a remittitur of all of the verdict in his case in excess of $3,750. If such remittiturs are filed, the superior court is directed to enter in each case judgment for the plaintiff on the verdict as reduced by the remittitur.

*Cornelius C. Moore, Salvatore L. Virgadamo,* for plaintiffs.

*James E. Flannery, Corcoran, Peckham & Hayes, Patrick O'N. Hayes,* for defendants.