WILLIAM E. LYNCH *vs.* PAUL SACCOCCIA.

OCTOBER 29, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J.   This action of trespass on the case for negligence arose out of a collision between two automobiles on May 10, 1956 in the city of Cranston.  The case was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff in the amount of $500.  The case is before this court only on the defendant's exceptions to the denial of his motions for a directed verdict and for a new trial, his other exception to an evidentiary ruling having been waived.

The collision occurred at the intersection of Park avenue, Rolfe street, and Pontiac avenue.  The plaintiff was driving his automobile in a westerly direction on Park avenue and defendant, a police officer, in response to a call reporting a prowler, was operating a patrol car in an easterly direction on the same street.  The plaintiff attempted to turn left into Pontiac avenue and his car was struck by that of defendant, the left front of each automobile being the point of contact.

We will first consider defendant's exception to the denial of his motion for a directed verdict.  In support of such motion defendant relies upon two arguments.  In his brief he contends that plaintiff is guilty of contributory negligence as a matter of law as evidenced from his own testimony.  In his oral argument, as we understand it, he contends further that plaintiff's testimony was in conflict with

the established physical facts and therefore no inference favorable to plaintiff could be drawn therefrom.

It is well established in this jurisdiction that where the testimony of a party is in conflict with established physical facts it must yield to such facts. *Whalen* v. *Dunbar*, 44 R. I. 136; *Keenan* v. *Providence Journal Co.*, 52 R. I. 54. But this rule is one of limited application. It is invoked only in those cases where the physical facts upon which a party relies are definitely established in the record. It is without effect where such facts are not clearly established and where the contention that they have been clearly established is based upon an assumption not supported by the evidence. *McAllister* v. *Chase*, 65 R. I. 122.

The plaintiff testified that he entered the intersection at a speed of ten to fifteen miles per hour; that he was on the right side of the center line of the road; that the light was green in his favor; that his directional signal was indicating a left turn; and that he saw another car, not defendant's, approaching on Park avenue some three or four car lengths away from him and not yet at the intersection. He further testified that he did not see defendant's automobile when beginning the left turn; that when he first saw it the police car was passing the other automobile; that it was straddling the center line and approaching at a speed of forty-five miles an hour; and that the operator was neither sounding the siren nor flashing a light.

On the other hand, defendant testified that he had passed one car some 500 feet from the intersection; that he had pulled back to the right-hand side of the road before reaching the intersection; that he was traveling at a speed of thirty to thirty-five miles an hour; and that he had turned on his flashing red light.

Accepting, as we must on defendant's motion to direct a verdict, the factual picture as presented by plaintiff, it cannot be said that plaintiff's testimony is in conflict with any established physical facts. The speed of defendant's

automobile, his position in regard to the center of the highway, and plaintiff's penetration into the intersection before being struck are all in dispute. Here the physical facts have not been definitely established and all inferences drawn from the testimony must remain favorable to plaintiff. When the evidence summarized above is considered in the light of the rule governing the disposition of a motion for a directed verdict, it is reasonably open to different conclusions as to whether, in attempting to make a left turn in the circumstances, the plaintiff was in the exercise of due care on his own part. *DeRobbio* v. *Hart,* 71 R. I. 347.

We turn to the defendant's exception to the denial of his motion for a new trial. The trial justice heard the arguments on the motion and then gave his decision from the bench. Upon examining this decision in the light of the evidence as revealed by the transcript, we cannot say that the trial justice was clearly wrong. It does not appear that he either misconceived or overlooked any material evidence or that he did not pass on the credibility of the witnesses. It is sufficient to satisfy the duty imposed upon the trial justice if the record indicates, however briefly, that he has exercised his independent judgment on the weight of the evidence and credibility of the witnesses. *Hulton* v. *Phaneuf,* 85 R. I. 406, 132 A.2d 85. We are of the opinion that in the instant case the record shows that the trial justice has complied with his duty regarding the question of liability and that he did not err in refusing to direct a verdict for the defendant or in refusing to grant his motion for a new trial.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Robert J. McOsker,* for plaintiff.

*Frank W. Golemba,* City Solicitor, *James DiPrete, Jr.,* Assistant City Solicitor, for defendant.