THURSTON ALBRO *vs.* JOSEPH M. VALLONE, DIRECTOR OF PUBLIC WORKS.

MARCH 9, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for assessment of damages for land taken by the state director of public works for highway purposes pursuant to public laws 1953, chapter 3105, as amended, now general laws 1956, chap. 37-6. A jury in the superior court returned a verdict for the petitioner in the sum of $6,500 plus interest. Thereafter on motion of the petitioner on the ground that the damages were inadequate, the trial justice granted a new trial unless the respondent would consent to an additur of $3,000 with interest. The respondent excepted to such decision and the case is here on his bill of exceptions containing only that exception.

In support of his exception respondent contends in substance that the jury's verdict is more consistent with the weight of the evidence than the trial justice's view of the damages, that their determination of the probative value of the conflicting expert testimony thereon was to be pre-

ferred to his view, that the trial justice should not disturb their verdict except for passion or prejudice, that there is no evidence thereof in the record, and that in cases of this kind "the trial justice has less power to grant additurs or new trials * * *."

From our consideration of respondent's brief and oral argument, we are of the opinion that he has misconceived the rule in this state governing the granting or denying of a motion for a new trial by the superior court. In a case such as the one at bar the function of that court is the same as in the ordinary civil action for damages in nisi prius courts. It was first described by this court in the following language in *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292, at page 296: " 'Those courts ought to independently exercise their power, to grant new trials, and, with entire freedom from the rule which controls appellate tribunals, they ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice to the parties in the case. Whenever it appears that the jury have from any cause, failed to respond truly to the real merits of the controversy, they have failed to do their duty, and the verdict ought to be set aside and a new trial granted.' "

This court in numerous cases down through the years since 1908 when the *Wilcox* case was decided has consistently adhered to that view. We have also held that when a decision on a motion for a new trial is brought to this court for review on the ground that it is against the evidence and the weight thereof we will not reverse such decision unless it is clearly wrong, provided the trial justice has not misconceived or overlooked any important evidence. *Tilley* v. *Mather*, 84 R. I. 499.

Applying those rules to the instant case we are of the opinion that the trial justice did not err. In his decision he has given a satisfactory reason for awarding the additur,

G. L. 1956, §9-23-1, and it does not appear that he misconceived or overlooked any evidence of vital importance to the respondent which bears on the issue of damages. And this court has said in *Savard* v. *Industrial Trades Union,* 76 R. I. 496, that the granting of an additur does not invade the province of the jury. Therefore we cannot say that his decision was clearly wrong.

The respondent's exception is overruled, and the case is remitted to the superior court for a new trial unless he shall within the period to be fixed by that court consent to the additur heretofore awarded by the trial justice.

*Charles J. Bourgault,* for petitioner.

*Guy E. Gallone,* Chief Counsel, *Raymond Mannarelli,* for respondent.