RICHARD J. COTE, *p.p.a.* *vs.* OMA L. IULIANO.

EVA A. D'AGOSTINO *vs.* OMA L. IULIANO.

JUNE 10, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. These actions of trespass on the case for negligence were consolidated for trial and tried together in the superior court to a jury which returned a verdict in each case for the defendant. Thereafter each plaintiff filed a motion for a new trial which was denied by the trial justice. The cases are here on each plaintiff's bill of exceptions containing exceptions to the trial justice's charge to the jury, his refusal of certain requests to charge, and to his denial of the motions for a new trial.

It should be noted at the outset that another case, Oma Iuliano v. Eva D'Agostino, Law No. 160493, was tried together with the above-entitled cases and resulted in a verdict for defendant but such case is not here as plaintiff did

not perfect a bill of exceptions. However, in view of the phraseology of certain of appellants' requests to charge, it is important for us to keep in mind that this cross action presented a problem to the trial justice in deciding whether the requests worded as they were could be granted without confusing the jury. We shall hereinafter have occasion to discuss this matter in our consideration of the exceptions to the refusal of certain specific requests to charge.

The parties' causes of action arose out of a collision between two automobiles at the junction of Luna street and Northup avenue opposite the avenue's intersection with Malvern street, in the city of Providence, on May 18, 1960 at about 8:30 a.m. Northup avenue runs generally east and west; Luna street approximately southwesterly and northeasterly where it intersects but does not cross the avenue; and Malvern street runs generally north and south and intersects the avenue on its northerly line but does not cross it. If Malvern street were projected southerly across the avenue it would meet the northeasterly line of Luna street some distance east of its junction with the avenue. In his decision on the motion for a new trial the trial justice aptly characterized the scene of the collision as "a very unusual intersection, to say the least," and the parties seem to agree.

Before proceeding with the taking of testimony the court viewed the scene. The trial justice and the jury were thus specially prepared to understand and evaluate the evidence as it bore on the peculiar nature of the intersection. In the absence of the benefit of a view we have had recourse to defendant's exhibit D, an engineer's plan of the intersection, to help us in our consideration of such evidence as recorded in the transcript. Our references in this opinion to the peculiarities of the intersection are based upon knowledge acquired from that exhibit.

It appears from the transcript that plaintiff Richard J. Cote on the day in question was driving a car belonging to his mother, plaintiff Eva A. D'Agostino, over and along

Northup avenue in an easterly direction at approximately 15 miles per hour. As he approached Luna street his view to his right up that street was obstructed by a stone wall with a picket fence on top of it along the abutting property line of the avenue. Although he testified he could not see to his right, he proceeded into the intersection without looking to his right until his car collided with another car coming out of Luna street. This car belonged to defendant Oma L. Iuliano and was operated by her son James Iuliano. The cars collided at a point on Northup avenue indicated on defendant's exhibit D by the westerly of two manhole covers opposite the Malvern street intersection.

James Iuliano testified that he was driving on Luna street in a generally northeasterly direction at about 25 miles per hour and that when he was about 50 feet from Northup avenue he slowed his speed to 15 to 20 miles per hour. At that point he was approximately 12 feet from the westerly line of Luna street and about 75 per cent over the middle line of that street. He did not change the course of his car but was proceeding with the intention of entering Malvern street. He testified that he first saw plaintiff's car proceeding rapidly when he was 10 to 15 feet from Northup avenue. He tried to avoid a collision by braking and turning his car to the right. Cote's car was hit on its right side and was spun around by the impact so that it was facing in the opposite direction to which it had been proceeding when it finally stopped on the opposite side of Northup avenue.

The Iuliano car stopped on the avenue facing east near a tree at the curb line and about 51.4 feet from the manhole cover where the collision occurred. This measurement is indicated on a rough sketch of the intersection made while plaintiff Cote was testifying. It is also indicated thereon that the manhole cover was 42.4 feet easterly of the junction of Northup avenue and Luna street. This

sketch was admitted as an exhibit and marked plaintiffs' exhibit 10.

The plaintiff Cote and the operator of defendant's car James Iuliano were the only witnesses to the accident. On the question of liability therefor the jury apparently concluded that the evidence in none of the cases preponderated in favor of plaintiff and therefore in accordance with the trial justice's instructions on the law applicable in the circumstances returned a verdict in each case for defendant.

The plaintiffs contend under their exceptions 1 and 2 that the trial justice improperly failed to instruct as to the statutory "rules of the road" regarding turns. This contention is predicated on their view of the evidence that the operator of defendant's car was making a turn into Malvern street at the time of the collision. This is in our opinion a mistaken view of the evidence. The operator of defendant's car did not make a turn prior to the collision but proceeded on his course intending to cross Northup avenue and enter Malvern street. Moreover it is clear from defendant's exhibit D that no turn would be necessary for the operator to proceed into Malvern street. Therefore there was no evidence which would warrant the giving of plaintiffs' request for instructions regarding the rules of the road governing turns. Exceptions 1 and 2 are therefore overruled.

Under exceptions 5, 6, 7 and 8 plaintiffs contend that the trial justice erred in refusing to grant their request for an instruction that Northup avenue is a "through" highway and their requests for further instructions consistent with the law referred to in the first request. These four exceptions are briefed together as dependent upon the validity of the first request and we shall so consider them. There is no merit in the exceptions. The trial justice quite properly refused such requests because as he stated to the jury there was no evidence to guide them in determining whether any of the streets at the intersection were through streets. Exceptions 5, 6, 7 and 8 are therefore overruled.

Under exception 9 plaintiffs contend that the trial justice erred in refusing to grant their request for an instruction on the doctrine of the last clear chance. In our opinion the state of the evidence was not such as to warrant an instruction of this nature. There was no evidence that defendant's operator observed or had a reasonable opportunity to observe plaintiffs' operator negligently placing his car in danger at a time when he, defendant's operator, had a reasonable opportunity to avoid a collision. The trial justice did not err in refusing the request and therefore exception 9 is overruled.

Exception 3 is to the trial justice's refusal to grant plaintiffs' request 11 that "plaintiff was not bound to anticipate the defendant's negligence." In our opinion this exception is without merit. The law is as stated in the request but there was nothing in the evidence to justify a specific request of this nature. Moreover, because of its phraseology, to give it would have tended to confuse the jury in view of the fact that there was a cross action here in which the parties plaintiff and defendant were necessarily reversed. The same defect was present in request 22 which was the subject of exception 9. Exception 3 is overruled.

Under exception 10 plaintiffs contend that the trial justice overemphasized a possible result of the cases to their prejudice when he said at the conclusion of his charge: "Once again I will caution you that if you find that both operators were guilty of negligence or contributed to cause the injuries for which the plaintiffs seek to recover, then it is your obligation to render verdicts for all defendants." The plaintiffs argue that this cautionary admonition coming as it did at the very end of his charge after he had once fully covered that ground constituted reversible error, citing *McCreadie* v. *Biltcliffe*, 80 R. I. 232. If there were actually overemphasis here amounting to a tendentious partiality in favor of one side over the other the rule laid down in *Mc-*

282

*Creadie* would be applicable, but we are unable to discern any such partiality in the language complained of. Indeed, in view of the cross actions on trial together we are disposed to consider the repetitive admonition more properly an act of prudence rather than a tendency to partiality. Exception 10 is therefore overruled.

Exception 11 is to the denial of the motions for a new trial. The plaintiffs contend that the trial justice misconceived the evidence relative to whether Northup avenue was a through street and the rules of the road applicable thereto, and that he failed to consider and weigh material evidence on the issue of negligence. We have carefully read the transcript and the trial justice's decision and we cannot agree with those contentions. In our opinion he properly performed his duty in accordance with the rule laid down in *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292, and consistently followed by a long series of later cases. Therefore his decision will not be disturbed by this court unless it is clearly wrong. There is nothing in the evidence which would warrant our coming to that conclusion. Rather we find not a little therein which convinces us that substantial justice has been done in the peculiar circumstances of this highway intersection by the verdicts of the jury and their approval by the trial justice. Exception 11 is overruled.

All of the plaintiffs' exceptions are overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Gunning & LaFazia, Bruce M. Selya, Leonard F. Clingham, Jr., Pucci, Zito, Goldin & Bordieri, Matthew J. Zito,* for plaintiffs.

*Boss, Conlan, Keenan, Bulman & Rice, John F. Dolan,* for defendant.