219 A.2d 404.

BEVERLY MORRARTY *vs.* PASQUALE REALI *d.b.a.* SHORE LINE BUS COMPANY.

MAY 3, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

Paolino, J. This is an action of trespass on the case for negligence to recover for personal injuries. It was heard by a justice of the superior court sitting with a jury which returned a verdict for the plaintiff and is before us on the defendant's exceptions to certain evidentiary rulings, to the denial of certain requests to charge, to the denial of his motion for a directed verdict, and to the denial of his motion for a new trial.

This case involves an automobile accident between a car owned by plaintiff's father-in-law and operated by her husband in which she was a passenger and a Shore Line bus owned by defendant and operated by his agent. The accident happened near the Greenwood Bridge on Post Road, Warwick, Rhode Island. The evidence as to defendant's liability is in conflict. On the question of damages, there is ample testimony to support the verdict.

The defendant's exceptions number forty-eight; of these 1, 2, 11-18, 22, 24-39, 41, 43 and 44, all of which relate to evidentiary rulings, and 45, relating to the denial of defendant's requests to charge numbered 1 and 9, are without merit. The defendant has expressly waived numbers 40 and 42. Further, since defendant has failed to list in his bill any exceptions to the trial justice's charge, we will not consider those portions of his brief relative thereto, such exceptions not being properly before us.

The defendant's remaining exceptions are equally without merit, but since they raise questions of some importance we shall briefly discuss them here.

Exceptions numbered 3 through 10 are to the admission of certain photographs of plaintiff on crutches and in a wheelchair taken during her convalescence. The defendant contends their admission was error because they were posed, cumulative, and calculated to arouse the sympathy of the jury. When courts speak of posed pictures they are usually concerned with the reconstruction of a situation for the purpose of the photograph. A proper foundation was laid here that these pictures were a fair and accurate representation of plaintiff's condition as it actually existed at the time without the insertion of objects which were not in existence.

On the issue of cumulative evidence, it is settled that the matter must be left to the sound judicial discretion of the trial justice. *Campbell* v. *Campbell,* 30 R. I. 63. The plaintiff had the right to present all the relevant evidence she had to prove her case. The admission of these photographs was proper for whatever bearing they had on the question of damages. See *Williams* v. *Altruda,* 74 R. I. 47, 56. From the record it is apparent the trial judge considered the different angles and closeness of the camera in these shots, as well as their nature and content, and we cannot say he abused his discretion in admitting them as having probative value.

By exceptions 19 and 20 defendant objects to Dr. Cyril J. Bellavance's bill being admitted as evidence of the gravity of plaintiff's injuries.

A determination of an award for personal injuries is within the province of the jury based on the evidence in the case. *Raiff* v. *Yellow Cab Co.,* 93 R. I. 474; *Godfrey* v. *United Electric Rys. Co.,* 70 R. I. 244; *Di Vona* v. *Lee,* 42 R. I. 375. Generally such evidence is any which, otherwise competent, tends to establish the nature and extent of injuries incurred as a proximate cause of defendant's negligence. See 25A C.J.S. Damages §146 at 28. In this con-

nection the amount of medical attention necessary in the care and treatment of an injury becomes relevant and the bill of a physician material as it reflects on the amount of services rendered particularly where, by other testimony, it can be shown a patient was seen or treated over a long period of time. *Fleischman* v. *City of Reading,* 388 Pa. 183.

Exception 21 relates to the admission of Dr. Bellavance's testimony that, in his opinion, plaintiff "would be required, for her comfort and for stability, for her to wear a pair of oxford shoes; and this would be a permanent recommendation." The defendant contends since there was testimony plaintiff had a bad ingrown toenail prior to the accident which required surgery to correct and which could be a contributory factor to the doctor's recommendation, this testimony might well have misled the jury into believing plaintiff's use of these shoes resulted from the accident alone and that she should be compensated accordingly.

The short answer to defendant's contention is that he cross-examined the doctor on this point and the doctor testified in substance that the necessity for the use of such shoes resulted solely from the injuries sustained in the accident.

Exception 23 is equally without merit. Since the trial justice carefully instructed the jury that any matter having to do with plaintiff's history could only be considered by them as showing the basis on which treatment was later given and not as proof of the matters asserted therein, and since there was nothing in the history per se prejudicial to defendant, the Rhode Island Hospital records were properly admitted. *Ribas* v. *Revere Rubber Co.,* 37 R. I. 189; *State* v. *Guaraneri,* 59 R. I. 173; *Lee* v. *Housing Authority,* 203 Md. 453.

Exception 46 is to the denial of defendant's request to charge numbered 21, which is, in essence, that plaintiff was within the scope of a joint enterprise with her husband and

consequently if the jury found her husband guilty of contributory negligence his negligence could be imputed to her.

In the law of negligence the term "common" or "joint" enterprise means an association of two or more persons in the pursuit of a common purpose under such circumstances that each has the authority, express or implied, to act for all in respect to the control of the means or agencies employed to execute such common purpose; as a result of which the negligence of one participant may be imputed to another so as to bar recovery against a negligent defendant. *Lucey* v. *John Hope & Sons, etc.,* 45 R. I. 103.

Conceding that the marital relationship does not preclude absolutely the existence of an agreement constituting a joint enterprise, we are of the opinion that the inherent characteristics of the marital relationship are such as to tend strongly to negate evidence adduced to establish an intention to impose upon the marital status by agreement the concept of a joint enterprise. Therefore, while we do not conclude as a matter of law that a married couple may not by an appropriate agreement create a joint enterprise within this concept, we are persuaded that such could be found only on the basis of evidence disclosing peculiar circumstances and then on rare occasions.

Applying the above principles to the case at bar, we find there are insufficient facts to justify a charge on this issue.

As to the requisite of common purpose, it is clear that this trip was undertaken not pursuant to a community of interest for the accomplishment of a common purpose, but merely as a result of the marital relationship between plaintiff and her husband.

On the question of control, neither plaintiff nor her husband owned the automobile in which they were riding. The fact that plaintiff in some measure directed the route of the car is not, in our opinion, the character of conduct which necessarily establishes a joint enterprise. Furthermore any

remarks or directions which she might have given her husband when their position of peril became apparent were those *any* passenger in the same or similar circumstances might make to a driver, respecting a particular danger which had come to his attention.

The evidence must justify a specific request to charge on a particular issue and if that evidence does not exist no charge should be given on such issue. *Cote* v. *Iuliano,* 98 R. I. 276, 201 A.2d 155.

In reaching this decision we have considered plaintiff's contention that since *Lucey, supra,* was decided, there has been a growing trend to limit the application of joint enterprise to situations where there is a business or financial interest in the use of the car or the trip. Apparently this position proceeds on the theory that such a limitation involves a closer analogy to the law of partnership, out of which joint enterprise developed, and affords more reason for regarding the risk as properly charged against those engaged in it. See Prosser, Law of Torts (2d ed.), §65, pp. 363 —366. (1955).

However, it appears that the majority of jurisdictions still adhere to the rule as stated in *Lucey, supra,* and as applied under the conditions discussed therein and *infra,* we believe it is the better rule. See Anno: 48 A.L.R. 1055; 63 A.L.R. 421; 80 A.L.R. 312; 95 A.L.R. 857.

Exception 47 is to the denial of defendant's motion for a directed verdict. On a motion for directed verdict, the trial justice must view the evidence in the light most favorable to the non-moving party without weighing it or passing on its credibility, and, if such evidence is reasonably open to different conclusions, the motion should be denied. *Priestly* v. *First National Stores, Inc.,* 95 R. I. 212; *Senn* v. *Kogut,* 79 R. I. 429.

The defendant argues the rule of *Whalen* v. *Dunbar,* 44 R. I. 136, is applicable to the case at bar and required a

directed verdict in his favor. That rule may be invoked only in cases where the physical facts upon which a party relies are definitely established in the record, not where, as here, they are in conflict. The defendant's contention in this regard is based purely on assumptions not supported by the evidence and on his own version of the facts. *Lynch* v. *Saccoccia*, 90 R. I. 82; *McAllister* v. *Chase*, 65 R. I. 122.

Exception 48 is to the denial of defendant's motion for a new trial. The rules regarding the duty of a trial justice on considering a motion for a new trial have been recently summarized by this court in *Barbato* v. *Epstein*, 97 R. I. 191, 196 A.2d 836. It would serve no useful purpose to repeat them here.

Suffice it to say the trial justice rendered a lengthy and comprehensive decision. He noted the motion was made on the usual grounds that the verdict was against the law, against the evidence and the weight thereof, and also that it was grossly excessive. His decision further discloses that he exercised his independent judgment on the weight of the evidence and the credibility of witnesses, drawing in our opinion proper inferences therefrom. Under such circumstances, we cannot say his finding that the evidence was so nearly balanced or such that different minds could naturally and fairly come to different conclusions was clearly wrong.

All of the defendant's exceptions briefed and argued are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Robert R. Afflick, Francis I. McCanna,* for plaintiff.

*Martin M. Zucker,* for defendant.