248 A.2d 598.

PAUL ROMANELLI *vs.* A.B.C. INC.

DECEMBER 12, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This civil action was brought to recover damages for personal injuries alleged to have been sustained as a result of a collision between a motor vehicle operated by the plaintiff and a school bus operated by an employee of the defendant corporation.   The case was tried to a jury in the superior court, and a verdict was returned for the plaintiff in the amount of $3,000.   The defendant is in this court prosecuting an appeal from the judgment entered in the superior court.[1]

---

[1]While this action was initiated in February 1964 under the rules of civil procedure then in effect, it was heard and determined in January 1968 under the new rules of civil procedure, and, therefore, we will use the terminology prescribed in the rules of civil procedure of the superior court now in effect.

The record discloses that on February 1, 1963, plaintiff, employed by the Quinn Packing Co., was engaged in operating a small panel truck owned by his employer. At about 2:15 in the afternoon of that day plaintiff parked the panel truck on the westerly side of Douglas Avenue near Veazie Street with the left wheels of the truck to the curb. He left the truck to make a delivery and, upon returning to the truck, he got into the driver's seat and prepared to start the engine. At that time a school bus owned by defendant and operated by an employee thereof, one Charles D. Richards, was proceeding along Douglas Avenue in a southerly direction.

The evidence indicates that just to the north of plaintiff's panel truck another somewhat larger truck had been parked and, particularly, that this truck was somewhat wider than the panel truck. The plaintiff testified that as the school bus passed the truck parked ahead of him and drew abreast of his truck, it swerved and continued on and came into contact with the panel truck, throwing him out of the driver's seat to the floor of the truck. The point of contact is conceded to have been the right rear bumper of each of the vehicles. The plaintiff, as noted, had testified that he had not started the engine of the panel truck at the time of the collision, and the bus driver under cross-examination testified that at no time had he seen the panel truck moving.

Contending that the trial justice erred, defendant argues, first, that he erroneously denied its motion for a directed verdict. In so arguing, it directs our attention to *Whalen* v. *Dunbar*, 44 R. I. 136, 115 A. 718, where this court noted its acceptance of a fundamental principle of judicial proof, that is, that where testimony is opposed to established physical facts, the testimony must yield to those facts. In our opinion, the *Dunbar* case stands simply for the proposition that where all of the plaintiff's testimony adduced to

establish the liability of a defendant is contrary to established physical facts, that testimony must fall before such physical facts. It follows that if that is the only testimony upon which the jury could find liability on the part of the defendant, a motion to direct is properly granted. A classic opinion on the application of this rule is to be found in *Keenan* v. *Providence Journal Co.*, 52 R. I. 54, 157 A. 302. We have repeatedly noted, however, that this rule has no application unless the physical facts upon which the defendant relies have been definitely established in the record. It has no application where such facts have not been clearly established or where the contention that they have been clearly established is based on assumptions not supported by the evidence. See *McAllister* v. *Chase*, 65 R. I. 122, 13 A.2d 690; *Hulton* v. *Phaneuf*, 85 R. I. 406, 132 A.2d 85; *Lynch* v. *Saccoccia*, 90 R. I. 82, 155 A.2d 242.

The trial justice is required on a motion for a directed verdict to view the evidence in the light most favorable to the non-moving party without weighing it or passing on its credibility, and he must draw any reasonable inferences therefrom in favor of the non-moving party. If the evidence so tested is reasonably open to different conclusions, the motion should be denied. *Morrarty* v. *Reali*, 100 R. I. 689, 219 A.2d 404. As we said in *Lynch, supra*, at 85, 155 A.2d 243: "Here the physical facts have not been definitely established and all inferences drawn from the testimony must remain favorable to plaintiff."

All of the material evidence on this issue as it relates to the precise location of the two trucks along the curbline of Douglas Avenue, the line of travel of the bus along Douglas Avenue, and the relative positions of the two trucks at the time of impact has not been established by precise measurements but is based upon the estimates and opinions of witnesses. In these circumstances it cannot be said that the physical facts have been established to such a degree as to

permit an application of the rule laid down in *Dunbar* to this case. It is then unnecessary to reject plaintiff's testimony as being contrary to the established physical facts, and, therefore, the rule governing the duty of the court on a motion to direct as stated in *Morrarty* is clearly applicable. It is our conclusion that the motion to direct was properly denied.

The defendant contends also that the trial justice erred in denying its motion for a new trial. Its claim for a new trial on the issue of liability rested on the grounds that plaintiff's evidence was contrary to established physical facts and, therefore, plaintiff had failed to satisfy the necessary burden of proof. In view of our conclusions on that same argument and our rejection of it when raised on a motion to direct a verdict, we do not consider it necessary to again pass upon the issue.

However, defendant does contend that the award of damages was grossly excessive and that it should have a new trial on the issue of damages. It contends that the record discloses that the pain and suffering endured by plaintiff was minor and that medical treatment was minimal. It further argues that the total period of incapacity was about six weeks and for much of the time the incapacity was partial. It argues further that the pain and suffering decreased as he progressively returned to normal health and contends that in all the circumstances an adequate award of damages in toto would have been about $1,600. It thus claims that the $3,000 award was excessive in the amount of $1,400 and that this amounts to a demonstrable disparity which should shock the conscience of the court.

Its reference to "demonstrable disparity" comes from *Tilley* v. *Mather*, 84 R. I. 499, 124 A.2d 872. There we said at 502, 124 A.2d 874: "The phrase 'grossly excessive' is not an empty one. To be grossly excessive, there must be a demonstrable disparity between the amount awarded and

694

the pain and suffering shown to have been endured as a consequence of the injury sustained." It is to be understood that the phrase "demonstrable disparity" as used by the court in that opinion related directly to the award of damages in an amount that would be *grossly* excessive. Obviously, the language of *Tilley* v. *Mather, supra,* contemplated imposing upon an appellant the burden of showing such a disparity. In our opinion, in the instant case that burden has not been satisfied.

We also noted in the *Tilley* case that it was our policy to allow a jury substantial latitude in computing the amount to be awarded for pain and suffering, and we would now make it clear that in so stating we were leaving the jury with a broad discretion to determine what constitutes adequate compensation for pain and suffering. We will concern ourselves with such awards only where it is made to appear that the jury has abused that discretion by awarding damages in such an amount as can be shown to have been *grossly* excessive.

We also direct attention to the fact that the trial justice, on defendant's motion for a new trial, expressly stated that while, had he been trying the case without a jury, he might have awarded damages to plaintiff in a lesser amount, the amount awarded by the jury "* * * is not so grossly excessive as to warrant the Court to grant a new trial on the issue of damages * * *." Here we have a situation in which the trial justice, who had observed the witnesses as they testified and had had an opportunity to assess credibility and determine the weight to be given to their testimony, did not find that the award was *grossly* excessive. It is a fundamental principle of judicial review that when, in circumstances such as these, a trial justice reaches and states a conclusion in express terms, that conclusion should be given substantial weight by the reviewing court, and it is the burden of the appellant to establish clearly that such a

conclusion was erroneous. The appellant has not, in our opinion, satisfied that burden here, and we find this contention to be without merit.

The defendant contends also that the trial court erred in sustaining an objection by plaintiff to its interrogation of Mr. Vincent Quinterno concerning an entry made on a payroll record which indicated that employer had been compensating plaintiff while he was out of work. The record discloses that Mr. Quinterno had already testified that he was general manager and a vice president of the Quinn Packing Co. and that he had no personal interest in the outcome of the case. He conceded, however, that he had been in attendance at the trial for most of the two days it was in process. The defendant's counsel, in an offer of proof after objection was sustained, stated that he had intended to ask Mr. Quinterno on the basis of the payroll sheet in evidence whether or not the corporation or Mr. Quinterno had paid some $550 to plaintiff and whether he had a contract for reimbursement of this amount and to that extent was interested in the outcome of the case. The defendant concedes that it intended by this line of questioning to attempt to impeach the credibility of the witness Quinterno.

In *Urbani* v. *Razza,* 103 R. I. 445, 238 A.2d 383, we held that such error does not necessarily call for reversal of the decision, inasmuch as the exclusion of evidence, even though it be wrongful, will not suffice to establish reversible error unless it is shown to have caused substantial injury. In *Urbani* we said that such injury "* * * occurs only if the evidence excluded was relevant and material to a crucial issue and if it can with reason be said that such evidence, if admitted, would probably have influenced the verdict or had a controlling influence on a material aspect of the case."

As we have noted above, the record discloses clearly con-

siderable evidence going to the question of the interest of Quinterno in the outcome of the case. Even though it were error to have excluded this further testimony going to the question of the interest of Quinterno in the case, we are unable to say that it would have had such a substantial influence on the jury, if admitted, as to cause it to return a contrary verdict to that which it did.

The defendant argues finally that the trial justice erred in his refusal to charge as it requested. The defendant requested that the court charge: "If the jury finds that the testimony of the plaintiff or of the defendant contains inherent improbabilities or contradictions, which alone, or in connection with other circumstances, satisfies the jury of its falsity, the jury may disregard such testimony. *Whalen vs. Dunbar,* 44 R. I. 136 at 141." There is little doubt that a charge such as this in appropriate circumstances should be given upon request.

However, it is our opinion that the circumstances here are not appropriate. The defendant argues that this charge should have been given in order to prepare the jury to pass upon a state of evidence in which the testimony relating to the negligence of defendant was in conflict with established physical facts. This contention is without merit. As we have already noted, the record here does not disclose that the physical facts surrounding this incident were clearly established so as to bring into play the rule in *Whalen* v. *Dunbar, supra.*

We would direct attention also to the fact that in the charge the trial justice instructed the jury repeatedly and abundantly on the tests they must apply in determining the facts of the case. We cannot escape concluding that had the charge requested been given, it would by strong implication indicate that the physical facts had been established with a consequent tendency to mislead and confuse the jury in its evaluation of the evidence relating to the

negligence of the defendant. See *Myers* v. *Myers,* 63 R. I. 264, 7 A.2d 785. We see no error in these circumstances.

The appeal of the defendant is denied and dismissed, and the judgment is affirmed.

*Domenic Tudino, Gordon C. Mulligan,* for plaintiff.

*Martin M. Zucker,* for defendant.