982 F.2d 408
 24 Fed.R.Serv.3d 760
 NISSAN MOTOR CORPORATION IN U.S.A., et al., Petitioner,
v.
Juan G. BURCIAGA, District Judge, Respondent,
Marina M. Sears, Individually and as Personal Representative
of the Estate of Jeffrey Sears, Deceased, Real
Party in Interest.
 No. 92-2124.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 8, 1992.
 
 Dennis K. Wallin and Terry M. Word, Albuquerque, NM, for real party in interest.
 Before TACHA, BRORBY, and KELLY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner seeks relief from this court in the form of a writ of mandamus compelling the district court to grant its request for a jury trial. Initially, we note that mandamus is appropriate relief when it is necessary to protect the right to a jury trial. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962).
 
 
 2
 No party to the underlying products liability action requested a jury at the outset of the action. In response to the plaintiff's amended complaint and more than two years after the action was filed, petitioner filed a jury demand pursuant to Fed.R.Civ.P. 38(b). In that demand, petitioner alleged that the amended complaint raised new issues triable of right by a jury. See Land v. Roper Corp., 531 F.2d 445, 450 (10th Cir.1976). The district court denied petitioner's request.[1]
 
 
 3
 To establish a right to a trial by jury, the amended complaint must do more than merely raise new theories of recovery based on the same facts as those issues raised in the original complaint. Richardson v. Henry, 902 F.2d 414, 416 (5th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991). We have reviewed the original complaint and the amended complaint, and we hold that the amended complaint did not raise issues which were not raised in the original complaint. At most, the amended complaint merely asserted new theories of recovery based on the same allegations as contained in the original complaint, i.e., negligent design, manufacture, inspection, and testing. Petitioner, therefore, was not entitled to a jury trial pursuant to Fed.R.Civ.P. 38(b).
 
 
 4
 Petitioner also filed a motion with the district court pursuant to Fed.R.Civ.P. 39(b), requesting that the district court exercise its discretion under that rule and grant its untimely jury request. Petitioner gives no excuse for its untimely request except to say that, given the nature of the case, it had simply assumed that the plaintiff had requested a jury trial. Petitioner became aware that its assumption was incorrect shortly before the plaintiff filed her amended complaint.
 
 
 5
 This court has held that, absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial. AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir.1965). Consistent with that guiding principle, we hold today that it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party. See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs., 925 F.2d 866, 873 (5th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991); Chandler Supply Co. v. GAF Corp., 650 F.2d 983, 987-88 (9th Cir.1980). Petitioner makes no pretense that its failure to make a timely jury demand was caused by anything other than mere inadvertence or oversight; its mistaken assumption that the plaintiff had initially requested a jury does not amount to more than mere inadvertence. The petition for a writ of mandamus is, therefore, denied.
 
 
 
 [1]
 This is an original proceeding in the nature of mandamus. The panel has determined unanimously that oral argument would not materially assist the determination of this action. The case is therefore ordered submitted without oral argument