**Janice K. GOFF, Plaintiff,**

v.

**OWEN HEALTHCARE, INC., Defendant.**

**Janice K. GOFF, Plaintiff,**

v.

**OWEN HEALTHCARE, INC., Defendant.**

**Nos. 95–1337–JTM, 95–1432–JTM.**

United States District Court,
D. Kansas.

April 18, 1996.

Alan D. Herman, Wichita, KS, for Plaintiff.

Frank W. Lopsman and Kelly McCaffrey, Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

Janice K. Goff sued Owen Healthcare, Inc. (Owen) in state court in May, 1995 (first case), alleging violations of the Americans with Disabilities Act (ADA) and the Kansas Act Against Discrimination (KAAD), and a Kansas claim of retaliatory discharge. Goff had not received a right to sue letter on the ADA claims when she filed the action, but asserts the statute of limitations was about to lapse on her retaliatory discharge claim and Kansas procedural rules required her to bring all claims in one action. Owen removed the action to federal court. Goff failed to request a trial by jury in the first case following its filing in state court, or pursuant to Fed.R.Civ.P. 38 after removal to federal court.

In October, 1995, after receiving a right to sue letter, Goff filed a second case in federal court on the ADA claim only (second case), which included a demand for jury trial, and filed a separate request for jury trial. Upon learning she had failed to request trial by jury in the first case, Goff moved for leave to file an amended complaint in the first case on October 31, 1995. The proposed amended petition contained an averment that she had received a right to sue letter and included a request for jury trial. Perhaps out of an abundance of caution, Goff also filed a separate motion for a jury trial pursuant to Fed. R.Civ.P. 39(b) on all issues in the first case on October 31, 1995.

Owen opposed plaintiff's motion for jury trial. Subsequently, Owen moved in the first case to (1) dismiss the second case [1] or (2) in

1. Although denominated "Defendant's Motion to    Dismiss Plaintiff's Second Complaint ...," the

the alternative, to strike plaintiff's demand for jury trial in the second case. On January 3, 1996, this court denied Owen's motion to dismiss or to strike the demand for jury trial in the second case.

The court *sua sponte* dismissed the first case without prejudice on January 9, 1996, but in an order nunc pro tunc reinstated the first case on January 12, 1996, as that case contained plaintiff's state law claims. The court also consolidated the two cases for all further proceedings.

Owen moved for reconsideration of (1) the order denying its motion to dismiss the second case and granting plaintiff's request for jury trial, (2) the court's January 12 nunc pro tunc order reinstating the first case, and (3) the order consolidating the two cases for all purposes.

Both cases were transferred by minute orders dated January 19, 1996 in the second case, and January 25, 1996 in the first case, from the Honorable Patrick F. Kelly's docket to this court's docket. Although Judge Kelly denied Owen's motion for reconsideration on February 6, 1996, this court set aside the denial of the motion at the February 23, 1996 status conference and established a briefing schedule in order to allow the parties to fully brief the matters. The parties have submitted briefs and the court now addresses the following motions: (1) plaintiff's motion for jury trial in the first case (Dkt. No. 13), (2) defendant's motion for reconsideration (Dkt. No. 31), and (3) plaintiff's motion for leave to file an amended complaint in the first case (Dkt. No. 11).

1. *Plaintiff's Motion for Trial by Jury.*

Plaintiff seeks a jury trial in the first case pursuant to Fed.R.Civ.P. 39(b), which provides:

> **By the Court.** Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding

the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.[2]

■ By the plain language of this rule, this court has discretion to grant or deny a jury trial to a party failing to file a Rule 38(b) request. The Tenth Circuit has advised that a request for jury trial should be granted in the absence of "strong and compelling reasons to the contrary." *Green Const. Co. v. Kansas Power & Light Co.,* 1 F.3d 1005, 1011 (10th Cir.1993) (citing *AMF Tuboscope, Inc. v. Cunningham,* 352 F.2d 150, 155 (10th Cir.1965)).

■ Liberally interpreting the arguments in the various briefs, Owen presents seven reasons why this court should deny plaintiff's request. First, Goff missed the deadline for requesting a jury trial as a matter of right under Rule 38. This fact alone hardly provides a "strong and compelling" reason to deny a request brought under Rule 39. Presumably, every request for jury trial brought under Rule 39 is due to the failure to demand a jury trial under Rule 38.

Owen next argues Goff was not required to file the second case or to amend her pleading in the first case, so she is not entitled to ask for a jury trial under Rule 38 either as part of the second case or separately, or as part of her proposed amended complaint in the first case. This essentially restates the first argument, i.e., that because she failed to request a jury trial in the first instance, she should not be allowed to do so now. That is a Rule 38 argument and is not relevant to Goff's motion under Rule 39.

Third, Owen argues Goff is trying to manipulate the court by filing the second case and asking for leave to file an amended complaint in the first case. In other words, Goff knew it was not necessary to allege receipt of a right to sue letter, and the real

motion substantively seeks to dismiss the second case.

**2.** Fed.R.Civ.P. 38(b) provides:

> **Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by (1)

serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

reason for the second complaint and the amended complaint was to request trial by jury.[3] Thus, it would be unjust to grant her separate motion for trial by jury.

This is a third variation on the first theme. Goff has not and is not trying to pull a fast one on the court. She filed a separate motion for jury trial under Rule 39, admitting her inadvertent failure to demand a jury trial in the first case.

Fourth, Owen claims Goff presents insufficient grounds to permit trial by jury, citing *Nissan Motor Corp. in U.S.A. v. Burciaga,* 982 F.2d 408 (10th Cir.1992). In *Nissan,* the defendant in a products liability action sought a writ of mandamus compelling the district court to grant its request for a jury trial. The request was submitted more than two years after the action was filed, and the defendant cited only inadvertence in explanation for the delay. *Nissan* denied the writ of mandamus, holding the district court did not abuse its discretion when it denied a Rule 39(b) demand for jury trial where the delay was justified only by inadvertence. 982 F.2d at 409.

*Nissan* holds this court has discretion to either grant or deny Goff's demand for jury trial. It does not mean the request must be denied. This case is distinguishable from *Nissan* because Goff filed the demand early in the case and prior to significant discovery. In addition, Goff's attorney offered reasons why the error was not discovered and corrected sooner—personal illness and loss of a parent.

Fifth, Owen argues it will suffer prejudice because of the four-month delay in bringing the demand and the additional expense of a jury trial. Owen first claims it would have pursued a different litigation strategy preparing for a jury trial. However, the court notes discovery requests were not served until December, more than a month after Goff filed her motion for jury trial. Although initial Rule 26 disclosures were made prior to the request, a jury trial should not impact

any "strategy" involving mandatory disclosures. To the extent that it might, the parties can supplement the disclosures.

The only actions in the first case prior to Goff filing her motion for jury trial were defendant's removal of the case to federal court and Owen's answer. Goff could have filed a Rule 38 demand for jury trial within ten days after Owen's answer. Additionally, the cases cited by Owen which support denial of the motion involve much longer delays. *See Lewis v. Thigpen,* 767 F.2d 252, 256 (5th Cir.1985) (12 months); *Littlefield v. Fort Dodge Messenger,* 614 F.2d 581, 585 (8th Cir.1980) (request filed at pretrial conference stage and after "a pattern of conduct apparently intended to delay trial"), *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980). Owen has not shown prejudice from the short delay in this case.

Regarding the additional expense associated with a jury trial, Owen cites no authority for the proposition that this constitutes prejudice; neither does the court find any prejudice.

■ Owen next argues the case is too complex to be presented to a jury. Juries are commonly called upon to decide complex cases and it is not an abuse of discretion to grant a motion for jury trial in complex cases. *Green Const.,* 1 F.3d at 1011.

Finally, Owen cites *Horton v. Montgomery Ward,* 199 Kan. 245, 428 P.2d 774, 777 (1967), arguing that granting late requests for trial by jury is contrary to legislative intent. Congress has not indicated Rule 38 is to be favored over Rule 39. In addition, as noted previously, the Tenth Circuit has stated Rule 39 requests for trial by jury are to be liberally granted. *Green Const.,* 1 F.3d at 1011.

■ Owen has failed to provide "strong and compelling" reasons to deny Goff's Rule 39(b) motion for trial by jury on all issues. Accordingly, the plaintiff's motion is granted.

3. An interesting argument from defendant, who on the one hand argues plaintiff need not allege receipt of a right to sue letter, yet on the other pleads plaintiff's failure to exhaust administrative remedies as an affirmative defense in its answer to her claims under the KAAD and the ADA. Thus Goff's desire to assert receipt of a right to sue letter appears to be justified even if a right to sue letter is not a jurisdictional prerequisite to an ADA claim, as argued by Owen.

### 2. Defendant's Motion to Reconsider.

As noted at the outset, defendant's motion to reconsider addresses the orders of this court (1) denying defendant's motion to dismiss and granting plaintiff's request for a jury trial, (2) reinstating the first case, and (3) consolidating the two cases for all purposes.

 The decision to grant or deny a motion for reconsideration is within a district court's discretion. Three grounds are recognized for granting a motion to reconsider: (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. D.Kan.Rule 7.3. *See also Renfro v. City of Emporia*, 732 F.Supp. 1116, 1117 (D.Kan.1990) (previous rule), *aff'd*, 948 F.2d 1529 (10th Cir.1991), *cert. dismissed*, 503 U.S. 915, 112 S.Ct. 1310, 117 L.Ed.2d 510 (1992). Owen alleges neither an intervening change in controlling law nor newly available evidence. In fact, Owen does not even claim the court committed clear error in any of its orders. Defendant's motion could be denied on that basis alone, but the court will briefly address the merits.

This court has granted Goff's Rule 39 motion for trial of all issues by jury, as set forth in this opinion. Whether the court committed clear error in refusing to strike Goff's Rule 38 demand in the second case is therefore a moot issue. This court has determined Owen suffers no prejudice if Goff is granted a jury trial on all issues, thus the orders cannot be said to be unjust on that basis. Finally, the two cases have been consolidated, so Owen is no longer forced to defend against two substantially similar actions. In any event, dismissal of the first case was inappropriate because the second case does not contain Goff's state causes of action. The motion for reconsideration is denied.

### 3. Plaintiff's Motion for Leave to Amend the First Complaint.

Goff requested leave to amend the complaint in the first case to assert receipt of a right to sue letter and to demand a jury trial. Plaintiff's motion for leave to amend is grant-

ed. The court has refused to dismiss the second case and has granted Goff's Rule 39 motion for trial by jury on all issues. The cases have been consolidated for all purposes, and any duplication of claims will be resolved by agreement of the parties or by court order at or before the final pretrial conference.

IT IS SO ORDERED.